## Glover *v.* The State.

1. It was not due diligence to procure the attendance of witnesses in behalf of one who stood charged by indictment with an offence, for him, on Friday before the court was to convene on Monday, to put in the hands of the sheriff of the county in which the indictment was pending writs of subpœna to be served on witnesses who resided in an adjoining county.
2. One of three gamblers engaged together in a game of cards played for money having declared during the progress or at the close of

the game that he had lost a certain sum, naming it, the declaration was a part of the *res gestæ*, and is admissible in evidence on the trial of another one of the gamblers, the witness who testifies to the declaration having been present and seen the game played, with the money staked, and knowing of his own knowledge that all three participated in the transaction.

3. The evidence was more than sufficient to warrant the verdict.

June 8, 1892.                                    *Judgment affirmed.*

Criminal law. Continuance. Witness. Evidence. Gaming. Before Judge RICHARD H. CLARK. Rockdale superior court. March term, 1892.

After conviction of gaming (playing and betting at cards), the defendant excepted to the denial of a new trial. One ground for new trial was, that the court erred in not granting a continuance on the defendant's motion. As a showing for continuance the defendant testified that Bell Boyd and William Johnson were present at the time and place, and each of them would swear, if present in court, that defendant did not play and bet at cards ; that Bell Boyd and William Johnson lived in Jasper county ; that subpœnas had been issued for them and placed in the hands of the sheriff of Rockdale county on Friday before the court opened on Monday ; that the motion was not made for delay, but to get to these two witnesses, and if they were present defendant would be ready for trial, but he did not want to go to trial without them ; and that he expected to be able to have them at the next term of court. For counter-showing it was proved by the State that at this term of the superior court the bond of Boyd, who was a joint defendant, had been forfeited and he was a fugitive from justice ; that Will Glover, defendant's brother, was present, but no Will Johnson was present ; that defendant did not know where these two witnesses were, but learned that they were in Jasper county, but no more ; and that defendant was out on bond, and had been indicted six months previously and given bond at that time. In this connec-

tion the motion for new trial alleges that the court erred in ruling that the sheriff was not obliged to serve subpœnas on witnesses residing in Jasper county when the defendant was out on bond, nor in any case where witness was out on bond, without special cause shown.

Another ground for new trial is, that " the court erred in admitting Burrel Stevens, over defendant's objection, to swear that Bell Boyd said that he had lost one dollar and fifty cents on the game, in the presence of defendant and at time of game." The other ground is that the verdict is contrary to law, the principle of justice and equity. There was testimony that the defendant played cards for money with Bell Boyd and Reece Jordan on a certain night in a cellar; that they had the money upon a chest around which they were sitting; that the sheriff came to the place and pushed aside a window curtain, whereupon the three players immediately and hurriedly arose and came out of the house, and the sheriff saw with them a strange negro whom he did not know and who was not playing, but had not seen him since; and that Will Glover, brother of the defendant, was present, but was not playing, and his name is not Will Johnson. The defendant introduced no evidence, but made a statement in which he admitted playing cards on the occasion in question, but denied that there was any playing for money or betting.

A. C. PERRY, for plaintiff in error.

JOHN S. CANDLER, solicitor-general, contra.