### BRADY *v.* THE STATE.

1. A witness once duly served with a subpœna is required to attend from term to term until the case is tried.

2. Where the court offers to issue an attachment to compel the attendance of a witness who has been summoned for the defendant, and his counsel declines to take the same, but instead thereof relies upon the service of a second subpœna, which latter the witness likewise disobeys, there is no abuse

of discretion in refusing a continuance on account of the absence of the witness; particularly where it appears that there has already been a continuance on the ground of his absence.

Submitted April 23, — Decided May 10, 1904.

Indictment for larceny from the house.        Before Judge Crisp. City court of Americus.        February 11, 1904.

Brady was charged with larceny from the house.   On the call of the case he made a perfect showing for a continuance on the ground of the absence of a witness John Fletcher.   From a note by the trial judge it appears that at the August term, 1903, the case was continued on account of the absence of Fletcher, a witness Lizzie Osborne being then and there in the court-room.   At the November term, 1903, the case was continued on account of the absence of Lizzie Osborne, the witness Fletcher being present in the court-room.   The court continued the case until the next term, and set it for hearing on Monday of the January term, 1904.   It was called as the first case, and counsel for the defendant requested that it be passed until the next day, and later counsel notified the court that John Fletcher was not present, and requested that the case be passed until Wednesday, which was done.   The court notified defendant's counsel that he would give him an attachment for Fletcher, "but he didn't take it."   It appears from the motion that Fletcher, who had previously been subpœnaed, was served with another subpœna after the case had been assigned to be heard on Wednesday, and that Fletcher had promised that he would be in attendance at that time.   The motion also alleged that Fletcher was the only witness by whom the defendant could prove that he was at the house of Lizzie Osborne at the time of the alleged larceny from the ginhouse of the prosecutor, several miles distant. The court overruled the motion to continue, and this with the general grounds, was assigned as a reason for the grant of a new trial.

*Blalock & Cobb,* for plaintiff in error.   *F. A. Hooper.* solicitor-general, and *J. A. Ansley Jr., solicitor,* contra.

LAMAR, J.   There had already been one continuance because of the absence of the witness Fletcher.   He had been subpœnaed prior to the August term, 1903, and this was sufficient to require his attendance from term to term.   When, therefore, he failed to ap-

pear on the call of the case at the January term, 1904, he was prima facie in contempt, and subject to attachment. Civil Code, §§ 5260, 5263. Continuances are only allowed to the diligent (Civil Code, § 5263), and to those who avail themselves of the means provided by law for compelling the attendance of those by whom facts material to the cause are to be proved. When, therefore, the court of its own motion offered to issue an attachment and the defendant declined to accept the same, he was lacking in legal diligence. With knowledge that the witness had disobeyed one subpœna, he chose to rely on another, which was no better than that already served. There was no abuse of discretion in refusing the continuance and ordering the case to trial. *McRae* v. *State*, 52 *Ga.* 290; *Anderson* v. *State*, 72 *Ga.* 98; *Runnals* v. *Aycock*, 78 *Ga.* 554 (3 *a*).

The testimony for the State showed that the defendant was caught in the very act of stealing the seed-cotton from the ginhouse of the prosecutor; the evidence was ample to sustain the verdict; and the judgment refusing the new trial must be

*Affirmed. All the Justices concur.*