12452.    EDGE *v.* THE STATE.

BROYLES, C. J.  1. "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on the Sabbath, another day shall be allowed in the computation." 1 Park's Ann. Code, § 4, par. 8. Under this ruling and the facts of the instant case, the motion to dismiss the bill of exceptions, on the ground that it was not filed in the office of the clerk of the superior court within 15 days of the date of its certification, is denied.

2. The indictment was returned by the grand jury of the county of Laurens on *July 28, 1920.* He was tried and convicted on *February 24, 1921,* and had been in jail *two or three months before the date of his trial.* When arraigned for trial he made a motion for a continuance of the case, on the ground of the absence of a material witness who lived in Laurens county. He testified that on Monday before his trial on Thursday he had a subpœna issued for the absent witness, and gave it the same day to the sheriff to be served; that he was

in jail and could not serve it himself. There was no evidence that the subpœna had been served. *Held,* that under the above facts it did not appear that the accused had used due diligence to get the absent witness to court; and the trial judge did not abuse his discretion in denying the continuance. See, in this connection, *Revel* v. *State,* 26 *Ga.* 275 (2); *Long* v. *State,* 38 *Ga.* 491 (3); *Bone* v. *State,* 8 *Ga. App.* 373 (69 S. E. 37).

3. The evidence demanded the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED JUNE 30, 1921.

Indictment for larceny; from Laurens superior court — Judge Kent. April 9, 1921.

*W. A. Dampier,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.