## WELCH *v.* THE STATE.

JENKINS, Justice. 1. In this conviction for murder, with life imprisonment, the general grounds of the motion for new trial, being neither argued nor insisted upon, will be treated as abandoned.

2. The court did not err in refusing a continuance because of the absence of an alleged material witness for the defendant in support of his statement to the jury that he shot the deceased in self-defense, since it appears that a subpœna for the witness was not delivered to the sheriff until the day of the trial, although the defendant had full time and opportunity to procure the presence of the witness, and failed to show that he acted with due diligence. *Glover* v. *State*, 89 *Ga.* 391 (15 S. E. 496); *Kidd* v. *State*, 101 *Ga.* 528 (28 S. E. 990); *Ivey* v. *State*, 154 *Ga.* 63 (113 S. E. 175); *Blount* v. *Beall*, 95 *Ga.* 182 (22 S. E. 52); *Bone* v. *State*, 8 *Ga. App.* 373 (69 S. E. 37); *Edge* v. *State*, 27 *Ga. App.* 264 (2) (108 S. E. 69), and cit. Especially can the defendant not complain of the failure to grant a continuance, where, before the case went to the jury, the court twice offered to send an officer for the witness, but such offer was not accepted. *McRae* v. *State*, 52 *Ga.* 290, 297; *Brady* v. *State*, 120 *Ga.* 181 (2), 183 (47 S. E. 535); *Curtis* v. *State*, 48 *Ga. App.* 135 (2) (172 S. E. 99).

3. "Where a motion for new trial is based on the ground of newly discovered evidence, and there is a counter-showing, with conflicting evidence as to the truth of the alleged newly discovered facts, this court will not interefere with the grant or refusal of a new trial on that ground, unless there has manifestly been an abuse of the discretion which the law has vested in the trial judge, but not conferred on this court." *Southwell* v. *State*, 188 *Ga.* 310 (2) (4 S. E. 2d, 26), and cit.; *Morris* v. *State*, 177 *Ga.* 365, 367 (170 S. E. 217), and cit. Since the truth of the alleged newly discovered testimony as to the finding of a knife alleged to have belonged to the deceased, about two hours after the homicide at the place where she fell, was contradicted in the counter-showing by the State, and since statements in the affidavits of the two witnesses, corroborating the alleged newly discovered testimony of the main witness, are in conflict with their testimony given at the trial, no abuse of discretion appears in the refusal of a new trial on this ground.

*Judgment affirmed. All the Justices concur.*

No. 13164. APRIL 11, 1940.

D. E. *Griffin* and *McDonald & McDonald,* for plaintiff in error. *Ellis G. Arnall, attorney-general, Allan C. Garden, solicitor-general, C. E. Gregory Jr.,* and *Duke Davis, assistant attorneys-general,* contra.