### 49478. THE STATE v. ROBERTS.

QUILLIAN, Judge.

In this case the defendant was charged with violating the Georgia Drug Abuse Control Act by having in his possession phencyclidine. He then filed a written motion to suppress certain evidence. From the sustaining of this motion appeal was taken by the state under the provisions of Ga. L. 1973, p. 297 (Code Ann. Ch. 6-10A) which allow an appeal by the state without a certificate from a judgment sustaining a motion to suppress evidence illegally seized. Code Ann. § 6-1002a (Ga. L. 1973, pp. 297, 298).

The basic facts are as follows: On November 28, 1973, Officer J. D. McCumber, DeKalb County Police Department, was on routine patrol in the area of 3202 Clifton Church Road. While on patrol the officer observed two white males standing on the north side of the roadway attempting to solicit a ride. As the officer approached these men he noticed that they became somewhat nervous and the officer observed both of the defendants feeling through their pockets as if looking for something. At this time the officer observed the defendant throw a light colored object to the rear of him in the grassy part of the yard. The officer was able to observe this by the light of his car's headlights as it was

approximately 10:00 at night. The officer then recovered a red container with a white cap, containing thirty-six orange tablets. At the time the officer observed the defendant abandon the alleged contraband no arrest had occurred, nor had there been any search.

A witness for the defendant stated that he and the defendant were standing on the grass and this testimony was corroborated by the officer. It was further brought out both by this witness and the officer that, after he picked up the container, the defendant and the witness denied either possessing or having any knowledge of the item in question. Although the officer frisked or personally searched the defendant and his companion, nothing was found on them. The red container with the white cap was found 2 or 3 steps away from the defendant. These are the essential facts that form the issues of law in this case. *Held:*

The trial judge based his holding on the theory that there was an illegal arrest. He found as a fact that the defendant was "on the grass and not within the roadway" and that this was not in violation of Code Ann. § 68-1660 (c) (Ga. L. 1953, Nov. Sess., pp. 556, 593; now repealed by Ga. L. 1974, p. 633) which states: "No person shall stand in a *roadway* for the purpose of soliciting a ride from the driver of any vehicle." (Emphasis supplied.)

This holding insofar as whether the defendant was violating the law at the time of his apprehension was correct. Code Ann. § 68-1504 (c) (Ga. L. 1953, Nov. Sess., pp. 556, 561; 1963, pp. 254, 255; 1966, p. 183; now repealed by Ga. L. 1974, p. 633) defined roadway as: "That portion of a highway improved, designed, or ordinarily used for vehiclar travel." Furthermore, Code § 68-1660 (b) (Ga. L. 1953, Nov. Sess., pp. 556, 593 (now repealed by Ga. L. 1974, p. 633)) made a distinction between the roadway and "its shoulder."

It is true that a search and seizure as a result of an illegal arrest is invalid. *Davidson v. State,* 125 Ga. App. 502, 503 (188 SE2d 124). But where the evidence obtained is not the fruit of an illegal arrest then there is no constitutional or statutory prohibition against its use.

Protection of the citizen and his home from unlawful searches is a primary function of the Fourth Amendment

to the Constitution of United States (Code § 1-804). See *Anderson v. State,* 133 Ga. App. 45. As has been pointed out, searches and seizures of uninhabited lands or open fields do not fall within the ambit we have above described. Hester v. United States, 265 U. S. 57 (44 SC 445, 68 LE 898); Abel v. United States, 362 U. S. 217 (80 SC 683, 4 LE2d 668). This also applies to property which is considered "abandoned." In such case the defendant can not show that this was a search of his person or property since the property apparently belonged to no one. For cases in this area see: *Green v. State,* 127 Ga. App. 713, 716 (194 SE2d 678); *Merrill v. State,* 130 Ga. App. 745 (204 SE2d 632); *Novak v. State,* 130 Ga. App. 780 (204 SE2d 491); Keiningham v. U. S., 307 F2d 632; *Anderson v. State,* 133 Ga. App. 45, supra.

Here we have a clear, factual situation. The defendant denied ownership of the property. The witness for the defendant denied that either he or the defendant threw anything in the grass. The property was found in public lands which are not protected from search. The property was not in the possession of the defendant and was therefore not subject to his motion to suppress. Whether the property could or could not be utilized as evidence against the defendant is of course not before us at this time. We further point out that in this case the officer testified that he saw something thrown out in the grass prior to his arrest of the defendant. The arrest resulted from the presence of the container which was found in the grass and not from any search of the defendant's person. Compare *Mayo v. State,* 131 Ga. App. 831 (207 SE2d 237). Taking a view of the evidence most favorable to the defendant, we find from a consideration of all the facts that there was no evidence to authorize the trial judge's grant of the motion to suppress.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JULY 1, 1974 — DECIDED NOVEMBER 1, 1974.

*Richard Bell, District Attorney, Cal Leipold, Assistant District Attorney,* for appellant.