## 53915. VINES v. THE STATE.

BANKE, Judge.

The defendant appeals from his conviction of a violation of the Georgia Controlled Substances Act. His sole enumeration of error deals with the trial judge's denial of a motion to suppress certain heroin which was found near him when he was stopped by police.

After observing the defendant for two and one-half hours, police officers approached him as he was standing on leafy ground near a car. When the defendant was addressed by an officer approaching on the opposite side of the car, he removed two foil packets from his pocket and

dropped them approximately one foot from his feet. A policeman who was on the same side of the car as the defendant and whose presence was then unknown to the defendant clearly saw the defendant's action. That officer grabbed the defendant, picked up the packets, opened them, and found heroin. The defendant was arrested.

The defendant contends that the method by which the police discovered the heroin operated to deprive him of his Fourth and Fourteenth Amendment right to be secure from unreasonable searches. However, this constitutional protection does not apply to property which has been abandoned. *State v. Roberts,* 133 Ga. App. 206 (210 SE2d 387) (1974); *Green v. State,* 127 Ga. App. 713 (194 SE2d 678) (1972). The issue of abandonment vel non of the contraband is a factual issue to be resolved by the trior of fact—the judge hearing the motion. His finding on a motion to suppress must not be disturbed by this court if there is any evidence to support it. *Anderson v. State,* 133 Ga. App. 45 (2) (209 SE2d 665) (1974). We find sufficient evidence from which the trial judge could determine that the defendant, upon seeing approaching police officers, desired to abandon the heroin. In fact, we are unable to find any evidence in the transcript to the contrary.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MAY 10, 1977 — DECIDED MAY 24, 1977 — REHEARING DENIED JUNE 22, 1977 —

*Augustine & Lyndon, Edward E. Augustine, John F. Lyndon,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.