## 35907. DEAN v. THE STATE.

JORDAN, Presiding Justice.

Lloyd Bill Dean was convicted of the murder of Larry Harris, sentenced to life imprisonment, and following the denial of his motion for a new trial, appeals to this court. The only question presented is whether the trial court

erred in refusing to charge, upon request, the law of involuntary manslaughter. We find no error and affirm.

The state's evidence shows that the appellant and the victim were at appellant's sister's house where the victim was visiting a young lady who lived at the house. Appellant asked the victim to take him to Tindall Heights to get some beer. The victim refused and the appellant suggested that he leave his sister's house. The victim started out the door when appellant pulled his pistol and hit the victim with his hand as he was leaving. The appellant and the victim proceeded outside. Some words passed between the two and as the victim was backing away towards his car, the appellant fired 3 shots. An autopsy revealed that the victim was hit with at least two and possibly three bullets, one passing through his heart which produced his death. As the victim was lying on the ground, one witness heard the appellant say, "You gonna die here or else in that hospital." Several witnesses testified that the victim had no weapon of any kind and that he was pleading with the appellant to leave him alone. The appellant made a statement to the police and testified at his trial. He stated that the victim was attacking him, that he fired two warning shots and that as to the third shot, "I just fired." He further stated that he carried a gun because he was in a violent section of town and that he had not intended to kill Harris.

Involuntary manslaughter is the unintentional killing of a human being "by the commission of an unlawful act other than a felony" (Code Ann. § 26-1103(a)) or "by the commission of a lawful act in an unlawful manner . . ." (Code Ann. § 26-1103 (b)).

The evidence is overwhelming that the appellant intentionally pointed his pistol at Harris and intentionally shot him. In his statement which was introduced into evidence, the appellant stated, "The second time I shot directly at him and when I shot, I don't know where I hit him at. I don't know if I hit him but he backed off and fell. At the time I shot him, he didn't have a weapon or anything. He was holding his stomach hollering."

"A gun is a deadly weapon. Assault with a deadly weapon constitutes aggravated assault, a felony. Code

Ann. § 26-1302. Aggravated battery is also a felony. Code Ann. § 26-1305." *Braxton v. State,* 240 Ga. 10 (4) (239 SE 2d 339) (1977). While appellant testified that he did not intend to kill Harris, he does not claim that the pistol was accidentally discharged during a struggle or otherwise, or that the fatal bullet ricocheted off the ground and hit appellant. He clearly made a felonious assault upon the deceased and cannot now claim that his unlawful act (shooting at another) was less than a felony.

The two cases relied upon by the appellant, *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424) (1973), and *Howell v. State,* 123 Ga. App. 306 (180 SE2d 599) (1971), are easily distinguishable on the facts.

Under the facts of this case it cannot be said that the killing resulted from the "commission of a lawful act in an unlawful manner..." We therefore conclude that neither Code Ann. § 26-1103(a) nor Code Ann. § 26-1103(b) is applicable to the facts of this case. The trial court did not err in refusing to charge on involuntary manslaughter.

The evidence was sufficient for a rational trier of fact to find the appellant guilty beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 1, 1980 — DECIDED MARCH 18, 1980.

*Brown, Katz, Flatau & Hasty, S. Phillip Brown,* for appellant.

*W. Donald Thompson, District Attorney, Thomas J. Matthews, Charles H. Weston, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Michael R. Johnson, Staff Assistant Attorney General,* for appellee.