## 62943. BILLINGS v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was indicted for murder and convicted of voluntary manslaughter. The evidence showed that the victim died from a gunshot wound. There was no dispute concerning the source of the

wound: the victim was shot by a gun held by appellant.

1. Appellant's first enumeration of error raises the general grounds. Our review of the evidence shows that there was sufficient evidence for a jury to find that appellant and the victim argued and that, as the victim ran away, appellant shot him in the back, causing his death. That evidence ". . . convinces us that a rational trier of fact could have found the essential elements of the crime of [voluntary manslaughter] beyond a reasonable doubt." *Driggers v. State,* 244 Ga. 160, 161 (259 SE2d 133).

2. Appellant contends in his second enumeration of error that the trial court's charge on intent was impermissibly burden shifting because it failed to inform the jury that the presumption of intent may be rebutted. We are at a loss to comprehend appellant's complaint in this regard since the charge to which exception is taken, an almost verbatim reading of Code Ann. § 26-605, not only did not authorize a presumption, it specifically provided that "[a] person will not be presumed to act with criminal intention." (Emphasis supplied.) Appellant's second enumeration of error is clearly without merit.

3. The state presented evidence authorizing a finding that appellant shot the victim in the back as the victim ran away. Defense witnesses testified that appellant struck the victim with the pistol and that the pistol then discharged, wounding the victim. In rebuttal, the state offered the testimony of a forensic scientist that there was no gunpowder residue on the clothes of the victim and that the absence of gunpowder meant that the fatal shot was fired from a distance of more than two feet from the victim. Appellant unsuccessfully resisted the admission of the scientific testimony and now enumerates as error the admission of the evidence and the denial of his motion for mistrial based on the admission of the testimony.

The basis for appellant's objection was that the state had not complied with his motion for discovery of scientific reports. That motion was based on Code Ann. § 27-1303, which provides as follows: "Discovery of scientific reports. (a) In all criminal trials, felony and misdemeanor, the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal. This request for a copy of any written scientific reports shall be made by the defendant in writing at arraignment or within any reasonable time prior to trial. It shall be within the sound discretion of the trial judge to determine in each case what constitutes a reasonable time prior to trial if such written request is not made at arraignment. If the scientific report is in the possession of or available to the district

attorney, he must comply with this section at least 10 days prior to the trial of the case. (b) Failure by the prosecution to furnish the defendant with a copy of any written scientific report when a proper and timely written demand has been made by the defendant shall result in such report being excluded and suppressed from evidence in the prosecution's case-in-chief or in rebuttal. (c) Written scientific reports shall include but not be limited to: reports from the Georgia State Crime Laboratory; autopsy reports by the coroner of a county or a private pathologist; blood alcohol test results done by a law enforcement agency or a private physician; and similar type reports that would be used as scientific evidence by the prosecution in its case-in-chief or in rebuttal against the defendant."

The key to the resolution of this issue in the present case is the last sentence in subsection (a): "If the scientific report is in the possession of or available to the district attorney, he must comply with this section at least 10 days prior to the trial of the case." The unrebutted testimony of the forensic scientist was that he was called on the morning of the same day on which he testified and was asked to perform certain tests on the clothing of the deceased. The prosecuting attorney stated in his place that the state had not foreseen any need for such testimony until confronted by appellant's evidence that the fatal shot was fired while the pistol was touching the body of the victim. It appears without contradiction that the evidence here involved was not ". . . in the possession of or available to the district attorney" when appellant's motion for discovery was filed or when the trial began.

*Garner v. State,* 159 Ga. App. 244 (1) (282 SE2d 909), cited by appellant, does not require a reversal in this case. There, the state failed to comply within the statutory time limit with the defendant's request under Code Ann. § 27-1302 for copies of his in-custody statements. In that case, there was no question that the state had the statements in its possession. Here, the report in question was not even in existence until after the trial began.

Appellant has argued that to permit the introduction of this evidence in this case will be precedent for district attorneys to deliberately delay the production of scientific reports until trial begins for the express purpose of depriving defense counsel of an opportunity to study the evidence. Even disregarding the fact that such a course of action would offer as many opportunities for embarrassment as for advantage, there was absolutely nothing presented at the trial of this case to suggest such bad faith on the part of the prosecution. Appellant's third enumeration of error is without merit.

4. In his fourth enumeration of error, appellant contends that

the trial court erred in refusing appellant's request to charge on lawful act-unlawful manner involuntary manslaughter (Code Ann § 26-1103 (b)). Appellant's argument is based on defense evidence that the fatal shot was an accidental discharge of the pistol with which appellant was striking the deceased in self-defense. Based on the Supreme Court's holding in *Crawford v. State,* 245 Ga. 89 (263 SE2d 131), the state argues that the evidence did not authorize a charge on involuntary manslaughter. We are constrained, however, by the holdings in *Mullins v. State,* 157 Ga. App. 204 (276 SE2d 877), and *Benford v. State,* 158 Ga. App. 43 (279 SE2d 236), to agree with appellant's argument and to reverse his conviction.

In *Mullins,* the defendant's testimony was that she had used a pistol only to threaten the deceased and that, as she lowered it, it accidentally discharged. Emphasizing the *Crawford* court's caveat that the holding in that case did not apply to accidental discharges of guns, we held that the issue of lawful act-unlawful manner involuntary manslaughter was raised by the evidence. In *Benford,* the defendant testified that he used the pistol as an "object weapon," that is, an object with which to strike the deceased. We found that that evidence also raised the issue of accidental discharge and reversed the conviction.

In the present case, there was defense testimony that the pistol discharged when appellant struck the deceased with it. There was a second shot fired, but appellant swore that he was not shooting at the deceased with the second shot — that he deliberately pulled the second shot to the side because he saw that the deceased was already falling from having been shot the first time. The state's evidence is overwhelmingly against appellant's version of the shooting; indeed, the forensic evidence mentioned in Division 3 of this opinion renders appellant's testimony inherently incredible. Nonetheless, the evidence appellant and his witnesses gave was sworn testimony which, although the jury is free to disbelieve it, the trial court may not discount in determining whether a particular jury instruction is authorized by the evidence. "Therefore, the issue of involuntary manslaughter in the commission of a lawful act (self-defense) in an unlawful manner (excessive force) having been raised by the evidence and appellant having properly requested a charge thereon, the failure to so charge was error requiring a new trial. [Cits.]" *Mullins,* supra, p. 206.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY, 19, 1982 —
REHEARING DENIED MARCH 4, 1982.

*Daniel Kane,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. M. Whaley, H. Allen Moye, Assistant District Attorneys,* for appellee.