## 65224. SIMMONS v. THE STATE.

BANKE, Judge.

Appellant David Keith Simmons appeals his conviction of voluntary manslaughter for the fatal shooting of Grady Purvis. *Held:*

1. Appellant's first three enumerations of error assert that the evidence was insufficient to support the verdict. The evidence showed that Grady Purvis and his wife Karen, at about 1:00 a.m. after having several drinks at a neighborhood pub, were arguing while walking home. They began to struggle, and Mr. Purvis swung at his wife, prompting a bystander in a nearby park to call out to him to stop. Mr. Purvis then attacked the bystander and knocked off his glasses, and Mrs. Purvis ran to a nearby house to seek help, pounding on the door and screaming that her husband was up in the park "beating the hell out of somebody." Appellant and his girl friend Angela Davis responded to the screaming from another house on the same street. Ms. Davis went to comfort Mrs. Purvis while appellant approached Mr. Purvis and told him to go home and sleep it off. Purvis came toward appellant, slapping something in his hands which appellant thought was a brick. Appellant stepped back, but when Purvis approached within five or six feet of him he fired a pistol, shooting Purvis through the heart. Appellant testified that he did not intend to shoot Purvis when he fired, but "was just trying to scare him, really, make him stop." After Purvis fell, appellant ran home, threw the gun into a densely overgrown area behind his house and cut his hair. However, Mrs. Purvis identified him as the perpetrator; and when he was arrested and questioned, appellant admitted his involvement in the shooting.

Having reviewed this evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could reasonably have found the appellant guilty of voluntary manslaughter beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. Appellant's contention that the trial court erred in failing to grant his motion to suppress is nonmeritorious. At the hearing on this motion, appellant argued that his pistol was found by police after an illegal, warrantless search of an area that should be considered a part of the curtilage of his residence because it was sufficiently removed from the public and was private in character. The evidence does not support this contention. By his own testimony, appellant showed that he was not trying to hide the pistol but to throw it away or abandon it. The constitutional protection of the Fourth and

Fourteenth Amendments does not apply to property which has been abandoned. *State v. Roberts,* 133 Ga. App. 206 (210 SE2d 387) (1974); *Vines v. State,* 142 Ga. App. 616 (237 SE2d 17) (1977). Moreover, the field into which appellant threw the pistol was an overgrown vacant lot, separated from appellant's backyard by an 8-foot brick wall and a partially collapsed shed. Although their landlady had told appellant and his mother that this lot was part of the rented property, she did not allow them to clear it, and it was not used by them. After Angela Davis revealed where appellant had thrown the gun, the police had a difficult time scaling the wall to retrieve it. They described the area as "overgrown with brush, a lot of vines . . . very difficult to walk in." The trial judge personally viewed the premises and made detailed findings of fact which corroborated the police testimony. It is thus clear that the court did not err in concluding that the appellant had no reasonable expectation of privacy in the area where he abandoned the gun. *State v. Roberts,* 133 Ga. App. 206, supra; *Thompson v. State,* 154 Ga. App. 704 (269 SE2d 474) (1980); *Cox v. State,* 160 Ga. App. 199 (1) (286 SE2d 482) (1981). See generally *Bunn v. State,* 153 Ga. App. 270 (2) (265 SE2d 88) (1980).

3. In his fifth enumeration, appellant complains that the trial court erred in admitting in evidence a statement made by him to police after he had stated that he wished to have an attorney before any more questions were asked. The transcript of the testimony at the Jackson-Denno hearing discloses that Miranda warnings were given and that all questioning ceased after the appellant requested a lawyer. The investigating officer testified that he was well aware that he could no longer interrogate appellant or confront him with statements of witnesses to the shooting after that time. However, about an hour later, appellant voluntarily told the investigating officer that Purvis had started running towards him "and he [appellant] had shot, and he didn't know whether he had hit him or not." The evidence thus supports the trial court's conclusion that the second statement was volunteered and not the result of any question or action by the authorities designed to elicit a response.

"The question of voluntariness in the instant case was properly entertained in the Jackson v. Denno hearing and after considering the totality of the circumstances, the trial court concluded that the statements were made freely and voluntarily even though made in the absence of . . . counsel. Under the facts and circumstances of this case, we do not find that determination to be clearly erroneous. [Cit.] Accordingly, this enumeration is without merit." *Waddell v. State,* 160 Ga. App. 743, 745 (2) (288 SE2d 90) (1981). See also *Bragg v. State,* 162 Ga. App. 264 (1) (291 SE2d 112) (1982); *Baker v. State,* 157 Ga. App. 746 (1) (278 SE2d 462) (1981).

4. Appellant's final enumeration asserts that the trial court erred in refusing to charge after written request the law of involuntary manslaughter. We do not agree. Appellant does not designate whether Code Ann. § 26-1103 (a) (death occurring unintentionally from the commission of an unlawful act other than a felony) or (b) (commission of a lawful act in an unlawful manner likely to produce death or great bodily harm) is applicable, but we find that neither is available under the evidence here.

Appellant's "admitted and undisputed conduct discloses the commission of an act which would be a felony if the victim had lived, i.e., aggravated assault by shooting at another (Ga. L. 1968, pp. 1249, 1280, Code Ann. § 26-1302) unless legally excusable." *Summerour v. State,* 124 Ga. App. 484 (184 SE2d 365) (1971); *Henderson v. State,* 153 Ga. App. 801, 802 (1) (266 SE2d 522) (1980). Therefore, a charge on Code Ann. § 26-1103 (a) was not authorized. Moreover, the Supreme Court has recently held that "it is not necessary to give a request to charge the law as to involuntary manslaughter, Code § 26-1103 (b), where the defendant asserts that he or she *fired* a gun in self-defense." (Emphasis supplied.) *Crawford v. State,* 245 Ga. 89, 94 (3), supra. *Crawford* distinguishes between the use of guns and all other weapons, because of the deadly force inherent in guns, but it does not apply to the accidental discharge of a gun. See *Billings v. State,* 161 Ga. App. 500 (4) (288 SE2d 622) (1982). "In short, *Crawford* stands for the proposition that a defendant who causes the death of another person by the *intentional firing* of a gun, allegedly in self-defense, cannot then claim that the death was unintentional." *Mullins v. State,* 157 Ga. App. 204, 206 (1) (276 SE2d 877) (1981). Since appellant admitted that he intentionally fired the pistol in the direction of the victim, a charge on involuntary manslaughter was not required here. Accord, *Miller v. State,* 162 Ga. App. 759 (3) (292 SE2d 481) (1982).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

Decided December 3, 1982.

*Luther Strickland, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.