## 66099. GALLIMORE v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for violation of the Georgia Controlled Substances Act. *Held:*

1. The defendant moved for a continuance based on the absence of an out of state witness and enumerates as error the denial of such motion.

OCGA § 17-8-25 (former Code Ann. § 81-1410) contains eight statutory requirements which must accompany an application for a continuance. *Oliver v. State,* 146 Ga. App. 798 (1) (247 SE2d 487). "It was pointed out in *Hobbs v. State,* 8 Ga. App. 53, 54 (68 SE 515) that continuances in criminal cases are not governed by the strict rules of civil cases and that the motion should be granted 'whenever the principles of justice appear to demand a postponement.' Nevertheless, in civil and criminal cases alike, there is some discretion upon the part of the trial court, and this court is limited to the decision merely of whether the decision as made constitutes an abuse of discretion." *Scoggins v. State,* 98 Ga. App. 360, 362 (106 SE2d 39). Accord, *Keller v. State,* 128 Ga. App. 129, 130 (195 SE2d 767).

"A motion to continue is addressed to the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. *Corbin v. State,* 212 Ga. 231 (1) (91 SE2d 764) (1956). Where the moving party fails to make a proper showing of the requirements set forth in Code Ann. § 81-1410, the denial of a continuance motion cannot be said to be an abuse of discretion." *Harris v. State,* 142 Ga. App. 37, 39 (234 SE2d 798).

We also note that the out of state witness was to give testimony establishing an alibi for the defendant. Another defense witness covered substantially the same ground on the trial. The failure to grant a continuance for testimony which is merely cumulative is not reversible error. *Johnson v. State,* 72 Ga. App. 534 (1) (34 SE2d 555); *Hill v. State,* 91 Ga. 153 (1) (16 SE 976); *Jones v. State,* 125 Ga. 307, 308 (54 SE 122).

2. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 12, 1983.

*R. Robider Markwalter,* for appellant.

*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney,* for appellee.