## 67049. BROWN v. THE STATE.

POPE, Judge.

Appellant was indicted on July 1, 1982 for the offense of theft by taking an automobile. Although scheduled for trial on September 21,

1982 and subsequently on October 5, 1982, appellant's trial by jury actually began on November 2, 1982. Appellant was convicted and sentenced to incarceration for a term of eight years. Appeal is taken from the conviction and denial of appellant's motion for new trial.

1. Appellant's three enumerations of error center upon the trial court's denial of his motion for continuance which was filed and heard on November 2, 1982 prior to presentation of evidence at trial. Such motion was based upon the absence of appellant's witness, Robert Clark.

"OCGA § 17-8-25 (former Code Ann. § 81-1410) contains eight statutory requirements which must accompany an application for a continuance. [Cit.]" *Gallimore v. State,* 166 Ga. App. 601 (305 SE2d 164) (1983). Each of these requirements must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon the absence of a witness. *Hester v. State,* 159 Ga. App. 642 (1) (284 SE2d 659) (1981). Although appellant's written motion satisfies the statutory requirements by recitation, the transcript of the hearing reveals that Clark had not been served with a subpoena. The address listed on the subpoena appears to have been for condemned unoccupied property. Evidence presented later at trial established Clark's existence; however, the witness testified that he had not seen Clark for at least six months prior to trial. Further, in argument on the motion for continuance, appellant's counsel related Clark's expected testimony to be given "if we can bring him to Court the next term." "Since there was no showing that the witness was ever served with a subpoena, the denial of the continuance was not an abuse of discretion. *Apgar v. State,* 159 Ga. App. 752, 754 (4) (285 SE2d 89) [(1981)]." *Fryer v. State,* 165 Ga. App. 157, 159 (299 SE2d 884) (1983).

2. Appellant assigns error to the trial court's denial of his motion for continuance arguing in support that the state had been granted two such previous continuances ex parte and without written motions. While the record contains notices for trial scheduled in September and October, no explanation nor rationale for the delay is a matter of record, apart from appellant's allegations. Moreover, appellant fails to show any resulting prejudice as it was never established that Clark, his absent witness for the November trial, was ever served with a subpoena or was otherwise available for the earlier September and October dates of trial. With no indication of specific harm devolving upon appellant, we find no abuse of the trial court's discretion. See *Chenault v. State,* 234 Ga. 216 (2) (215 SE2d 223) (1975); *Myrick v. State,* 155 Ga. App. 496 (4) (271 SE2d 637) (1980).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

Decided January 16, 1984.

*Elmer H. Young III,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.