## 72898. DANIEL et al. v. THE STATE.
(348 SE2d 720)

BANKE, Chief Judge.

The appellants, Jeffery Marques Colbert and Frederick Kenny Daniel, were jointly indicted, tried, and convicted, along with a third defendant, of the offense of robbery.

The elderly victim positively identified the two appellants as having participated in the offense, testifying that he had known them since they were children. Some $300 in cash was taken from the victim's person during the robbery. The appellants and the third defendant were arrested soon thereafter, based on a description provided by the victim. Although a search of their persons revealed no incriminating evidence, $221 in cash was found the following morning stuffed behind the seat of the patrol car in which appellant Daniel had been transported to jail. The officer who drove the patrol car in question testified that he had recovered the money during a routine search of the vehicle, that he normally made such a search on a daily basis, and that he had transported no one other than appellant Daniel in the patrol car since the previous day's search. The appellants presented an alibi defense. *Held*:

1. The appellants initially contend that the trial court erred in permitting testimony from two state's witnesses whose names had not been provided to them prior to trial in accordance with their demand for a list of such witnesses made pursuant to OCGA § 17-7-110. The first of these two witnesses testified that the defendants had admitted to him after being released on bond following their arrest that "they robbed the old man and took his money." The state's attorney stated in his place that this evidence had not become known to him until the

morning it was offered. As the trial court provided defense counsel an opportunity to interview the witness before he testified, we find no error. See *Stroud v. State*, 246 Ga. 717 (2) (a) (273 SE2d 155) (1980).

The second witness was a microanalyst from the State Crime Laboratory, who testified, ostensibly in rebuttal, that he had examined certain photographs of footprints left at the scene of the crime and discovered numerous similarities between the size and tread design of the shoes which made the prints and the size and tread design of the shoes the defendants were wearing when arrested. Defense counsel objected to the state's characterization of the testimony as rebuttal evidence because it was virtually identical to testimony which had been offered by another witness during the state's case-in-chief.

While we are inclined to agree that the witness' testimony could not properly be classified as rebuttal evidence under these circumstances, it does not appear that the appellants were harmed by the state's failure to furnish this witness' name prior to trial. The microanalyst's name was in fact furnished to defense counsel the day before the witness performed the scientific comparisons in question, and the witness did not actually testify until several days later. Furthermore, the trial court insured that defense counsel was given an opportunity to interview the witness before he testified. Under the circumstances, and particularly in light of the fact that the witness' testimony was merely cumulative of other testimony which had been offered on the issue, we find no ground for reversal.

2. The appellants further contend that, a timely demand for copies of all scientific reports in the possession of the state having been made by them pursuant to OCGA § 17-7-211, the admission of the microanalyst's testimony constituted a violation of that statute as well. However, it appears from the transcript that the microanalyst's report was made available to defense counsel on the same day it was prepared and furnished to the state's attorney; and, as previously noted, it further appears that the witness did not actually testify until several days later. Since § 17-7-211 does not require such scientific reports to be made available to the defense until they are "in the possession of or available to the prosecuting attorney," we find no violation of appellants' discovery rights under the statute. See *Billings v. State*, 161 Ga. App. 500 (3) (288 SE2d 622) (1982).

3. The state was not required to establish entrapment or surprise to impeach one of its own witnesses by proof that the witness had previously made a conflicting statement. See *Davis v. State*, 249 Ga. 309 (3) (290 SE2d 273) (1982); *Gardiner v. State*, 252 Ga. 422 (4) (314 SE2d 202) (1984).

4. The appellants contend that the trial court should have granted them a continuance based on the absence of a witness who

had allegedly been subpoenaed but had since moved outside the state. According to the appellants, this witness would either have testified that the victim had told her he did not know who had robbed him or she would have denied that the victim had ever made such a statement to her, in which case she could have been impeached by the testimony of other witnesses to the effect that she had told them that the victim had made such a statement to her.

In order to establish a right to a continuance pursuant to OCGA § 17-8-25, based on the absence of a subpoenaed witness, it must be established, among other things, that the witness's testimony would be "material." "The failure to grant a continuance for testimony which is merely cumulative is not reversible error. [Cits.]" *Gallimore v. State*, 166 Ga. App. 601 (1) (305 SE2d 164) (1983).

The appellants presented no fewer than four witnesses who testified that they had heard the victim state that he did not know who had robbed him. It follows that the appellants' motion for continuance to obtain the presence of the absent witness was properly denied. We thus find it unnecessary to address the appellants' contention that OCGA § 17-8-25 is unconstitutional to the extent it requires a showing that the absent witness resides within 100 miles from the place of trial.

5. We agree with the appellants that the court erred in striking the testimony of a character witness for appellant Colbert, based on certain statements made by the witness on cross-examination which tended to contradict his testimony on direct examination regarding his familiarity with Colbert's reputation in the community. See *Gravitt v. State*, 220 Ga. 781 (8) (141 SE2d 893) (1965). However, viewing the error in the context of the evidence as a whole, we conclude that it was harmless as a matter of law; i.e., it is highly probable that the error did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

6. The trial court did not err in charging the jury on robbery by intimidation (OCGA § 16-8-40 (a) (2)), as well as robbery by force (OCGA § 16-8-40 (a) (1)). We reject the appellant's apparent contention that the two code subsections are mutually exclusive, i.e., that if a robbery is effected by force it cannot have been effected by intimidation. In any event, "it is not usually cause for a new trial that the court gives in charge an entire statutory or Code provision where a part thereof is applicable to the case, even though a part may be inapplicable under the facts in evidence. [Cits.]" *Highland v. State*, 127 Ga. App. 518, 519 (194 SE2d 332) (1972).

7. The evidence was amply sufficient to enable a rational trier of fact to find the appellants guilty of robbery beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Jerry C. Gray*, for appellants.
*Timothy G. Madison, District Attorney*, for appellee.