73159. TEAT v. THE STATE.
(353 SE2d 535)

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol and he appeals. In his sole enumeration of error appellant contends the trial court abused its discretion by denying his request for a continuance pursuant to OCGA § 17-8-25, based on the absence of a subpoenaed witness who was the sole witness for the defense.

The witness was subpoenaed and appeared in court on January 21, 1986. The case was continued on that date at the request of the State because one of its witnesses was absent, and the case was rescheduled for February 13, 1986. The subpoenaed witness was present on that date also, but for reasons which do not appear in the record, a mistrial was declared. The witness was contacted by appellant the day before the retrial of the instant case and was advised that his presence in court was required the next day. The witness stated he would be present in court, but when appellant drove by on the morning of trial to pick up the witness, he had gone to work in another city and was not available for trial. Appellant requested a continuance, stating that the witness would testify that appellant had only consumed three or four beers on the night of his arrest. Appellant's counsel also stated that after the mistrial was declared in the first trial, "the witness was excused." The trial court denied appellant's request for a continuance on the ground that the witness was no longer under subpoena and the court had no authority to compel his attendance in court. Appellant contends this ruling was error.

There is nothing in the record to indicate who excused the witness after the mistrial, appellant or the court, and if the latter, to indicate whether the court completely excused the witness from the full power of the subpoena, which otherwise would generally extend from term to term, OCGA § 17-7-191; *Brady v. State*, 120 Ga. 181 (47 SE 535) (1904), or whether it was a temporary "that will do for now" dismissal. Further, it does not affirmatively appear in the record whether or not the witness received instructions from the court to return at a later date. Considering the sparsity of the record, it cannot

be inferred from the brief statement made by appellant's counsel that when appellant's witness was excused, the subpoena's effectiveness was necessarily terminated completely.

Appellant is a criminal defendant who apparently through no fault of his own was denied the right to present a witness in his own behalf. This witness was the only corroboration for appellant's testimony and under such circumstances the absence of the witness' testimony cannot be called harmless. The record does not reflect the reason for the mistrial, and does not reflect whether or not the witness testified at that trial. Appellant met the requirements of OCGA § 17-8-25 for granting a continuance due to the absence of a witness and from the record before us, we cannot conclude that the court lost its authority to compel the attendance of appellant's witness and thus, justifiably denied appellant's request for a continuance. This is particularly true where, as here, the court had previously granted a continuance to the State due to the absence of one of *its* essential witnesses. Thus, in observance of that fundamental fairness we deem essential to our concept of justice (see *Lisenba v. Cal.*, 314 U. S. 219, 236 (12) (62 SC 280, 86 LE 166)), we find it was error to deny appellant's request for a continuance.

*Judgment reversed. Birdsong, C. J., Deen, P. J., Carley, Benham and Beasley, JJ., concur. McMurray, P. J., Banke, P. J., and Pope, J., dissent.*

BANKE, Presiding Judge, dissenting.

The majority holds that the trial court was not authorized to conclude that the absent witness had been "completely excused . . . from the full power of the subpoena" on the mere basis of defense counsel's statement to that effect, absent evidence indicating who had excused the witness and whether or not he had been instructed to return at a later date. Does this mean that the trial court was required to cross-examine defense counsel on these issues? Does it mean that the state was required to produce evidence to substantiate defense counsel's statement? If so, then the burden of proof in such matters has been dramatically altered. See generally OCGA § 17-8-25; *Alderman v. State*, 241 Ga. 496 (2) (246 SE2d 642) (1978); *Brown v. State*, 169 Ga. App. 520, 521 (313 SE2d 777) (1984).

While there is indeed a presumption that a valid subpoena, once issued, continues in force from term to term until the case is ended (see OCGA § 17-7-191), that presumption may obviously be dispelled by a showing that the witness has been excused from the subpoena. Where it is defense counsel himself who makes such a showing, I do not believe that a refusal to grant a continuance based on the absence of the witness results in a denial of the defendant's right to "fundamental fairness." If it was not within the power of the appellant in

this case to show that the witness was still subject to the original subpoena, then it was certainly within his power simply to have a new one issued to him. It was the appellant's responsibility to prepare his case for trial, not the state's and not the court's. I would hold that the trial court did not abuse its discretion in denying the motion for continuance. See generally *Grimes v. State*, 168 Ga. App. 372, 377 (308 SE2d 863) (1983); OCGA § 17-7-192.

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this dissent.

DECIDED JANUARY 14, 1987 —
REHEARING DENIED FEBRUARY 11, 1987 —

*Howard T. Scott*, for appellant.

*Ken Stula, Solicitor, Kristopher Shepherd, Assistant Solicitor,* for appellee.