A91A1495. PITTS v. THE STATE.
(415 SE2d 58)

POPE, Judge.

Defendant was convicted by a jury of aggravated assault and simple assault. He appeals his convictions and the denial of his motion for new trial, raising as his sole enumeration of error the trial court's denial of his motion for a continuance. On the morning of the second day of trial, defendant moved for a continuance based on the absence of his witness, Dorothy Cooper, who had purportedly been admitted to Grady Hospital the previous afternoon. In support of his motion, defendant presented evidence that Ms. Cooper had been subpoenaed to appear at trial; that when the case was called for trial the previous day, the witness was in the courtroom; and, that the witness became ill after court recessed and was taken to the hospital by defendant. Although defendant testified that Ms. Cooper was present at the time of the alleged incident, he did not proffer evidence as to the facts expected to be proved by the witness.

The trial court denied defendant's continuance motion, ruling that defendant had failed to offer evidence sufficient to meet the requirements of OCGA § 17-8-25. Specifically, defendant failed to prove: (1) the medical inability of the witness; (2) her absence was not with the permission, directly or indirectly, of the defendant; (3) her testimony could be procured at the next term of court; (4) the motion was not being made for purposes of delay; and, (5) the witness would support the defendant's claim of self-defense. Defendant's counsel

later attempted to introduce additional evidence pertaining to the medical condition of Ms. Cooper, but the trial court denied defendant's request to reopen the continuance motion.

" 'OCGA § 17-8-25 contains eight statutory requirements which must accompany an application for a continuance. (Cit.)' [Cit.] Each of these requirements must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon the absence of a witness. [Cit.]" *Brown v. State*, 169 Ga. App. 520, 521 (1) (313 SE2d 777) (1984). See also *Curry v. State*, 177 Ga. App. 609 (1) (340 SE2d 250) (1986).

" 'A motion to continue is addressed to the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. [Cit.] Where the moving party fails to make a proper showing of the requirements set forth in [OCGA § 17-8-25], the denial of a continuance motion cannot be said to be an abuse of discretion.' [Cit.]" *Gallimore v. State*, 166 Ga. App. 601 (1) (305 SE2d 164) (1983). Compare *McGuire v. State*, 185 Ga. App. 233 (1) (363 SE2d 850) (1987).

We reject defendant's argument that, pursuant to OCGA § 17-8-20, defendant should have been granted an opportunity to renew his continuance motion later in the day after defense counsel procured additional evidence proving the medical condition of Ms. Cooper. Although it appears that defendant's counsel was only informed as to Ms. Cooper's unavailability at 9:00 a.m., immediately prior to moving for a continuance, defendant had certainly been aware of the witness' condition the previous day when he accompanied the witness to the hospital. Thus, defendant's claim of due diligence must fail. See generally *Lucas v. State*, 174 Ga. App. 580 (1) (330 SE2d 792) (1985).

We also note that defendant's claim that the witness' testimony was material to his defense is not supported by the record. The statement made by defendant after arrest and his testimony at trial indicate that even if Ms. Cooper's testimony had corroborated defendant's version of events, the facts established would still not have supported a defense of self-defense. Hence, the witness' testimony could not be material to defendant's defense. See *Daniel v. State*, 180 Ga. App. 179 (4) (348 SE2d 720) (1986).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1992.

*Andrei G. Howze, Elizabeth Markowitz*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Alfred D.*

*Dixon, Carl P. Greenberg, Assistant District Attorneys*, for appellee.