*H. William Sams, Jr., A. Montague Miller*, for appellees.

### 67853. WILLIAMS v. THE STATE.

BENHAM, Judge.

Appellant, Tommy Williams, was convicted by a jury in the Superior Court of Bibb County of vehicular homicide in the first degree, and sentenced to 10 years. It is from this conviction that he appeals.

On February 9, 1983, the victim, Mearl Cole, was jogging along a Macon street when he was struck and killed by a blue Ford Maverick. After getting a description of the vehicle, law enforcement officers obtained, through the use of computers, the names of local residents owning cars fitting the description. When they went to defendant's home and were informed that he was not there, an officer drove down a path behind the house and discovered a vehicle which fit the description. The vehicle had damage to the front right fender which was consistent with that suffered by the suspect vehicle. A caretaker gave police permission to impound the vehicle.

Defendant was arrested a short time thereafter and, after having been properly warned under the Miranda guidelines, gave a statement that he had operated the vehicle on February 9, 1983; that he had had several beers and "shots" of liquor on that day; that he had hit the victim, who was jogging along the shoulder of the road; and that he had then sped away from the scene.

Defendant contends that the trial court erred (1) in denying his motion to compel the State to prosecute him under the involuntary manslaughter statute rather than the vehicular homicide statute; and (2) in denying his motion to suppress information and evidence about the car taken from near his residence.

1. Appellant's contention that the trial court erred in failing to compel the State to prosecute under the involuntary manslaughter statute rather than the vehicular homicide statute is without merit.

The thrust of appellant's contention is that, at the time of the offense involved herein, involuntary manslaughter (OCGA § 16-5-3) carried a maximum penalty of five years' imprisonment whereas vehicular homicide in the first degree (OCGA § 40-6-393) carried a maximum penalty of ten years' imprisonment; and that there is no rational basis for a more severe punishment for vehicular homicide than involuntary manslaughter and no legitimate State purpose is served. This court does not adopt this rationale.

At the time of the offense in this case, the vehicular homicide statute attacked by defendant, OCGA § 40-6-393, provided: "(a) Any person who, without malice aforethought, causes the death of another person through the violation of Code Section . . . 40-6-390 . . . com-

mits the offense of homicide by vehicle in the first degree and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years." The pertinent section of OCGA § 40-6-390 provides: "(a) Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."

The Supreme Court squarely faced the issue of whether the General Assembly can constitutionally make a distinction between involuntary manslaughter and vehicular homicide in *State v. Edwards*, 236 Ga. 104, 107 (222 SE2d 385) (1976), when it stated that as long as a law operates alike as to all members of a class who are similarly situated, it will meet constitutional muster. *Edwards*, supra, at 107 states: "The General Assembly was authorized to find that homicides (involuntary manslaughter in the commission of an unlawful act other than a felony) differ from homicides by vehicle."

This court has been very emphatic as to vehicular homicide prosecutions since 1977, when it ruled in *State v. Foster*, 141 Ga. App. 258 (1) (233 SE2d 215) (1977): "As a result of the enactment in 1974 of the vehicular homicide statute [OCGA § 40-6-393], vehicular homicides which formerly were prosecuted as for involuntary manslaughter must now be prosecuted under the new statute."

2. Appellant next contends that the trial court should have granted his motion to suppress. We find this contention to be without merit.

While we feel that permission given by a third party, the caretaker, to impound the automobile is dispositive of the issue (see *Peek v. State*, 239 Ga. 422, 426 (238 SE2d 12) (1977)), nevertheless we will address the issue of appellant's standing to complain about the seizure of the vehicle.

An illegal search violates the rights of those who have "a legitimate expectation of privacy in the invaded place." Rakas v. Illinois, 439 U. S. 128, 143 (99 SC 421, 58 LE2d 387) (1978). Since appellant had no such expectation of privacy in the property on which the car was discovered, he cannot complain of an illegal search. *Staton v. State*, 164 Ga. App. 464 (1) (297 SE2d 375) (1982). Nor may appellant take issue with the seizure of the car itself if it is determined that appellant abandoned the vehicle prior to its seizure by police, since "[t]he constitutional protection of the Fourth and Fourteenth Amendments does not apply to property which has been abandoned." *Simmons v. State*, 164 Ga. App. 643 (2) (298 SE2d 313) (1982). In order to determine whether property has been abandoned, we must ask: Did the complaining party retain a legitimate expectation of privacy in the article allegedly abandoned? See Rakas v. Illinois, supra; United States v. Wilson, 472 F2d 901 (9th Cir. 1973). In the case before us, the facts show that the vehicle was found over 100 yards

from the nearest home on land not belonging to the defendant; it was down a deserted field road; the tag and battery had been removed; and the vehicle was covered with freshly cut bushes and debris.

The issue of abandonment is one of fact to be resolved by the trier of fact, and the finding of fact will not be disturbed on appeal if there is any evidence to support it. *Vines v. State*, 142 Ga. App. 616 (237 SE2d 17) (1977). Since the record supports the trial court's finding of abandonment, we find no error in the denial of appellant's motion to suppress.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 10, 1984.

*J. Robert Daniel*, for appellant.

*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney*, for appellee.