## A90A1027. GUESS v. THE STATE.
(397 SE2d 453)

BANKE, Presiding Judge.

The appellant was convicted of trafficking in cocaine based on the discovery of approximately 1.5 kilograms of cocaine in an article of luggage he had carried onto a bus. His primary contention on appeal is that the trial court erred in refusing to suppress the contraband as the fruit of an unlawful search.

While waiting at the Greyhound Bus Station in Atlanta to board a bus bound for New York City, the appellant attracted the attention of a uniformed, off-duty Atlanta police officer who was working an "extra job" at the bus station as a security guard. At trial, this officer testified that the appellant caught his attention because he was wearing a long leather coat which seemed inappropriate for the warm weather, he had on a "large amount of gold jewelry," he stared at him "constantly" as he (the officer) moved about the waiting room, and he seemed unwilling to release his grip on a black zippered bag which he was carrying. Suspecting on the basis of these observations that the appellant might be a drug courier, the officer alerted the narcotics division of the police department, which dispatched two detectives to investigate. One of these two detectives, by the name of Tripp, was the sole witness at the hearing on the motion to suppress.

By the time the narcotics detectives arrived, the appellant had boarded his bus in preparation for its scheduled departure. After conferring with the security officer, the two detectives also boarded the bus, while two uniformed policemen stood guard at the doorway of the vehicle. Detective Tripp testified that he began walking down the aisle upon entering the bus, identifying himself to each of the individual passengers and communicating with them as follows: "As I identified myself, I would ask them did they have baggage on the bus. Each person responded to me either yea or nay. At that time, I would ask them do they have baggage overhead. Each person would respond to me. I continued in that manner asking each individual person did

they have baggage, and if they would not mind, would they please identify it to me. Each person did so." The detective stated that the appellant, who was seated approximately three-fourths of the way down the aisle, responded to the initial question in the affirmative but then, upon being asked to identify which of the bags in the overhead baggage compartment belonged to him, changed his mind and asserted that he did not have any luggage.

Detective Tripp testified that he proceeded on down the aisle questioning the remaining passengers following this exchange with the appellant but then returned to him after reaching the end of the bus, removed a black bag from the luggage compartment above him, and "again" asked him if it was his. He testified that the appellant replied that it was not, whereupon he (the detective) held the bag up and "did a complete three hundred sixty degree turn in the aisleway of the bus, asking . . . would anyone please claim or identify this baggage." When no one did so, he announced that he was going to consider the bag abandoned and remove it from the bus. He stated that he then took the bag outside, removed a shoebox wrapped in duct tape which could be seen protruding from the bag, opened it, and discovered the cocaine inside. The detective's account of his actions on board the bus was at variance in significant respects with that of the security officer, who, as already indicated, testified during the trial but did not testify at the hearing on the motion to suppress. However, the appellant did not renew his motion to suppress or object to the admission of the contraband during the trial on the basis of the security officer's testimony. *Held*:

1. "Whether a given contact between the police and citizens constitutes a 'seizure' within the meaning of the Fourth Amendment — and, if so, is 'reasonable' — is determined by 'balancing the government interest involved against the nature of the intrusion on the individual.' (Cits.) . . . Balanced against the interest of the individual [to be free from arbitrary interference by law enforcement authorities] is the very substantial interest of government in terminating the widespread and proliferating practice of trafficking in illegal drugs." *Bothwell v. State*, 250 Ga. 573, 575-6 (300 SE2d 126) (1983), cert. den. 463 U. S. 1210 (103 SC 3545, 77 LE2d 1393). Accord *Florida v. Rodriguez*, 469 U. S. 1 (105 SC 308, 83 LE2d 165) (1984).

We hold that the furtive behavior exhibited by the appellant inside the bus terminal provided the security officer with a reasonable and articulable basis for suspecting that he might be transporting illegal contraband. Accord *State v. Webb*, 193 Ga. App. 2, 4 (386 SE2d 891) (1990). Consequently, even assuming that the circumstances surrounding the questioning of the passengers on the bus were such as to lead a reasonable person in the appellant's position to believe he was not free to leave the bus at this time, we conclude that the resulting

detention was authorized under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), inasmuch as it could be inferred from Detective Tripp's testimony that the questioning was quite brief and that it was conducted in a deferential and conversational manner.

2. " 'The constitutional protection of the Fourth and Fourteenth Amendments does not apply to property which has been abandoned,' " *Williams v. State*, 171 Ga. App. 546, 547 (320 SE2d 389) (1984). Moreover, a finding of abandonment will not be disturbed on appeal if there is any evidence to support it. Id. at 548. Consequently, since Detective Tripp testified unequivocally that the appellant denied any ownership interest in the luggage from which the contraband was seized, the trial court's decision to deny the motion to suppress must be affirmed. Accord *Ramsey v. State*, 183 Ga. App. 48, 49 (357 SE2d 869) (1987).

3. The appellant contends that he was entitled to a charge that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. However, such a charge is required only where the evidence relied upon for conviction is entirely circumstantial. *Todd v. State*, 184 Ga. App. 750, 752 (4) (362 SE2d 400) (1987). There was direct evidence of the appellant's guilt in this case, in that the cocaine was found in a bag which he had carried onto the bus. While the appellant complains that it is possible someone else might have placed the cocaine inside the bag after he got onto the bus with it, the security officer testified that he had observed the shoebox protruding from the bag while it was in the appellant's possession in the waiting room. Consequently, this enumeration of error is without merit.

4. The appellant contends that the trial court denied him the right to be represented by retained counsel of his own choosing and instead forced him to go to trial represented by the public defender. An examination of the transcript reveals that the courtroom clerk telephoned the office of the appellant's retained counsel prior to the commencement of the hearing on the motion to suppress to determine whether he had in fact been hired to represent the appellant and was told that the fee had not yet been paid. However, late that afternoon, at the conclusion of the jury selection process, a representative from the attorney's office appeared, informed the court that the appellant's family had just paid the fee, and announced that the attorney would be present in court the next morning to take over the trial of the case. The proceedings were thereupon adjourned for the day, and the retained attorney was present in court the next morning. Although the trial judge declined to release the public defender from the case and instructed him that he would continue to be considered

lead counsel, the retained attorney made the opening statement and closing argument, interposed objections, cross-examined the state's witnesses, and requested jury instructions on the appellant's behalf during the trial, thus effectively assuming the role of lead counsel. The appellant has not suggested how, under these circumstances, he was harmed by the trial court's refusal to relieve the public defender as lead counsel; and we do not perceive how he could have been harmed. Accordingly, we find this enumeration of error to be without merit.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 — 

*Mary E. Erickson*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Keith L. Lindsay, Carl P. Greenberg, Assistant District Attorneys*, for appellee.