A92A0678. GRESHAM v. THE STATE.
(420 SE2d 71)

BIRDSONG, Presiding Judge.

Harry S. Gresham appeals his judgment of conviction of armed robbery, denial of his motion for new trial, and sentence. Appellant enumerates two errors. *Held:*

1. Appellant asserts the trial court erred in denying his motion to suppress the warrantless search of his automobile.

Pretermitting whether appellant's car was searched incident to his lawful arrest, lawfully subjected to a probable cause but warrantless automobile search, or lawfully inventoried after having been legitimately impounded by the police, is the question whether appellant lacked standing to contest the search and seizure of the property found in the automobile because of his lack of a sufficient expectation of privacy in said vehicle and its contents.

The record reflects that the crime was committed on Monday, May 7, 1990. The evidence regarding the registration and use of the automobile is in conflict. However, for purposes of disposition of this error, we will consider the following facts: The vehicle was registered to appellant with the vehicle insurance in his mother's name. Prior to the date of the robbery, appellant had rented his car to Priscilla Manley. She drove it from Thursday (May 3, 1990) to Tuesday (May 8, 1990) when it broke down. Although denying complicity in the robbery, appellant admitted that he had used the vehicle on Monday, May 7, 1990, for a short period of time. Although denying ownership of the BB gun found in his car trunk, appellant admitted it had been left in the car about three months previously. After the vehicle broke down, Manley left the vehicle in the private parking lot of the Center Grocery store. The vehicle was not obstructing or otherwise hindering traffic, and agents of the store had not requested that the police remove the vehicle from their lot. At the time the car was impounded, it was in no known violation of the law. Although Manley apparently

left the car locked in the parking lot, she left the passenger-side window partially open and a screwdriver stuck in the unlocked trunk lid where the lock was missing. It may reasonably be inferred from the evidence that appellant gave Manley access to and use of the vehicle at a time when the trunk lock was missing and the trunk could not be locked, and at a time he knew that the BB gun was in the car. The gun was found in the unlocked trunk and a cap was found in plain view on the back seat.

" ' "The constitutional protection of the Fourth and Fourteenth Amendments does not apply to property which has been abandoned." ' " *Guess v. State,* 197 Ga. App. 40, 42 (2) (397 SE2d 453); see also *Mooney v. State,* 243 Ga. 373, 377 (254 SE2d 337). Thus, if a defendant has abandoned his property, he is not entitled to protection of that property by the Fourth or Fourteenth Amendments from an illegal search or seizure. Also, an appellant can retain legal or equitable title or right of possession in property and, yet, by words or conduct may negate any reasonable expectation of privacy in that property to such an extent as to preclude protection thereof by the Fourth and Fourteenth Amendments. Thus, the Supreme Court of Georgia recognized in *Bloodworth v. State,* 233 Ga. 589, 590 (2) (212 SE2d 774) that "[t]he question of abandonment for Fourth Amendment purposes *does not turn on strict property concepts* but on whether the accused has relinquished his interest in the property to the extent that he no longer has a reasonable expectation of privacy in the premises . . . even though he may retain the lawful right to possession." (Emphasis supplied.) In *Prothro v. State,* 186 Ga. App. 836, 838 (3) (368 SE2d 793), it was held that "[w]here the owner of an automobile relinquishes actual possession to a third party, the owner thereby *abandons any expectation of privacy* in the automobile, and he therefore *lacks standing* to contest the legality of the search and seizure of the vehicle." (Emphasis supplied.) Accord *Reinhardt v. State,* 197 Ga. App. 825, 827 (3) (399 SE2d 729) (lessee also can abandon expectation of privacy by relinquishing actual possession to a third party). Accordingly, appellant lacks standing to contest the legality of the search and seizure of his automobile; we will not reverse the correct ruling of the trial court regardless of the reason given therefor. *Ely v. State,* 192 Ga. App. 203 (4) (384 SE2d 268).

2. The trial court granted the State's motion to reopen after the evidence had been closed to allow a prisoner to testify to rebut testimony of appellant. The prisoner, notwithstanding an order of sequestration being in effect, had been sitting in the courtroom awaiting his own case to be called and had heard appellant's testimony. During a break, after both sides had rested, the prisoner's counsel approached the prosecutor and informed him that appellant had made a statement to his client which would rebut appellant's testimony that a

heart condition prevented his use of crack cocaine, and that appellant admitted he had smoked crack the night of his arrest.

The trial court granted the motion after determining inter alia that this situation was not due to a preconceived plan on the part of the State to withhold a witness and "ambush" the appellant. The trial court in response to a request by appellant stated appellant also could call additional witnesses if they had relevant testimony to present, and that appellant's counsel could speak to the prisoner beforehand if the latter wished to do so. The trial court further ascertained it was the jury's belief that it would not have an effect on any jury verdict that the prisoner testified he had been present with appellant in a jail cell. The trial court also gave a timely curative-type instruction which in effect informed the jury that the fact the prisoner was present in the courtroom when the other witnesses had been excluded was a matter that could be taken into consideration in determining his credibility.

A trial judge's powers to administer the rule of sequestration will not be controlled unless manifestly abused; disobedience of a sequestration order may subject the offender to punishment for contempt or may affect his credibility, but does not render the witness incompetent to testify, or disqualify his testimony. *Watts v. State,* 239 Ga. 725, 731 (238 SE2d 894). Thus, even assuming the prisoner was aware of and had knowingly violated the rule of sequestration, it would not automatically disqualify him as a witness. Id. "[T]he decision as to whether or not the witness should be disqualified rests in the sound discretion of the trial court." Id.

Regarding the trial court' s decision to allow the prisoner to testify after both sides had rested, " '[i]t is always within the sole discretion of the trial court to permit either the State or the defense in criminal cases to reopen the case after the close of the evidence.' (Cits.)" *Boscaino v. State,* 186 Ga. App. 133, 134 (3) (366 SE2d 789); accord *Evans v. State,* 201 Ga. App. 20, 27 (6) (410 SE2d 146); compare *State v. Roberts,* 247 Ga. 456 (277 SE2d 644) (case reopened after jury deliberation had commenced).

In viewing whether an abuse of discretion has occurred, we must examine the totality of the circumstances. Relevant circumstances in this case include but are not limited to the following factors: the trial court's implicit finding of fact that the State had not engaged in a preconceived plan to "ambush" the defense by allowing the witness to remain in the courtroom during appellant's testimony with an intent to call him as a rebuttal witness after the defense had rested; the presence of the witness in the courtroom during appellant's testimony notwithstanding the rule of sequestration was in effect; the nature of the testimony given; the equal opportunity given to the defense to call additional witnesses in its own behalf; and the timely curative-

type instruction given the jury that the witness' presence in the courtroom could be considered in determining his credibility. Moreover, "[t]he object of all legal investigation is the discovery of truth." OCGA § 24-1-2. Under the attendant circumstances, the trial court did not abuse its discretion either in allowing the prisoner to testify, though he had been present in the courtroom during appellant's testimony and at a time when the rule of sequestration was in effect, or by allowing the State to reopen its case in order that it could call the prisoner as a rebuttal witness.

3. Additionally, assuming arguendo any or all of the enumerated errors had occurred, including error of constitutional magnitude in failing to grant appellant's suppression motion, in light of the overwhelming evidence of appellant's guilt, we find any such error or errors harmless beyond a reasonable doubt. *Palmer v. State,* 186 Ga. App. 892, 897 (3) (369 SE2d 38).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 10, 1992.

*Miller, Rucker & Associates, Curtis W. Miller,* for appellant.
*Timothy G. Madison, District Attorney,* for appellee.