## A92A1885. ORMAN v. THE STATE.
(428 SE2d 813)

JOHNSON, Judge.

Jerome Chie Orman appeals from his convictions of trafficking in heroin and possession of marijuana. In his enumerations of error, he challenges the denial of his motion to suppress evidence and he questions the sufficiency of the evidence. We affirm.

1. Orman contends that the trial court erred in denying his motion to suppress evidence. After reviewing the transcript of the suppression hearing, we find this contention to be without merit. The facts proved at the hearing are as follows: While on duty at the Atlanta Airport, members of the DEA drug task force observed Orman deplaning a flight from Miami, Florida. Orman was carrying a black leather bag. Inside the airport, Orman began speaking with a man later identified as Godfrey Obiozor, who had deplaned from the same flight. The men sat down in the gate area and Obiozor placed his garment bag over the black leather bag Orman had been carrying. The officers approached the men, sat down next to them, produced their police credentials, and asked the two men if they could speak with them. In response to a request to see their airline tickets, Obiozor handed him an envelope containing tickets for two persons, one for G. Obiozor and the other for F. Okwara. The officers requested identification from both of the men and inquired into their immigration status. Obiozor was able to produce satisfactory documents. Orman told the officers that his name was Jerome Chie, and that he did not have any identification. He also told the officers that he was a naturalized U. S. citizen, having been born in Nigeria. One officer asked Obiozor for the appellant's name. Obiozor responded that it was "Mgurawa," and spelled it. This name did not match the name on the airline ticket or the name given by Orman. The officers then told Obiozor that he was free to go, but informed Orman that he was being detained while the INS was contacted regarding his immigration status. The officers asked Orman to carry his bags to the terminal at which point Orman told the officers that none of the bags belonged to him. Obiozor then claimed that all of the bags belonged to him, and that Orman had merely been carrying the black leather bag for him. The officers then requested and obtained consent from Obiozor to search the bags. In the black leather bag, the officers found identification for Jerome Chie Orman, marijuana, and a plastic bag containing heroin. The two men were charged with trafficking in heroin and possession of marijuana.

We need not address Orman's argument that the contraband seized from the bag was the fruit of an illegal search because the record of the hearing on Orman's motion to suppress shows that the trial court's order was based, inter alia, on Orman's abandonment of the bag prior to the search.

" 'Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts. . . . The issue is . . . whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.' " *Bassett v. State*, 181 Ga. App. 597, 599 (353 SE2d 48) (1987). The facts in this case support a finding that Orman abandoned any rights he may have had in the bag prior to the search. Orman disclaimed the bag, refused to pick it up to take it with him after the officers requested that he select his bag and accompany them, stood silently by while Obiozor claimed ownership of the bag, and continued to stand silently by as it was searched. Under these circumstances, Orman could not entertain any legitimate expectation of privacy in the bag at the time of the search. See *Williams v. State*, 171 Ga. App. 546, 547 (2) (320 SE2d 389) (1984).

"The issue of abandonment is one of fact to be resolved by the trier of fact, and the finding of fact will not be disturbed on appeal if there is any evidence to support it." Id. at 548. Since the record supports the trial court's finding of abandonment, we find no error in the denial of Orman's motion to suppress.

2. Orman further contends that there was insufficient evidence to support his conviction of trafficking in heroin. The transcript shows that Orman stipulated that heroin was found in the bag and that the amount of heroin found was sufficient to support a charge of trafficking in heroin. After a review of the record, we find the amount of heroin found was far in excess of that needed to support a charge of trafficking. See OCGA § 16-13-31 (b). Orman argues, however, that the evidence was insufficient to tie him to the crime. We disagree. Reviewing the evidence most favorably to the verdict, we find that there was sufficient evidence to support Orman's conviction of trafficking in heroin such that a rational trier of fact could find him guilty of that crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 9, 1993.

*John A. Beall IV*, for appellant.
*Robert E. Keller, District Attorney, Gina S. Naugle, Assistant*

*District Attorney,* for appellee.