A97A1704. MULLINAX v. THE STATE.
(490 SE2d 201)

ELDRIDGE, Judge.
Appellant, Michael Sean Mullinax, challenges his conviction for possession of a controlled substance and possession with intent to distribute. We affirm in part and reverse in part.

The facts, viewed in the light most favorable to the verdict, show the following: on the evening of July 15, 1995, appellant attended a party in Douglas County, Georgia. Appellant's "fanny pack," which contained his wallet, identification, cash, and jewelry, was stolen by an acquaintance, Jamie Collins, who then quickly left the party with two friends.

Upon learning that the pack had been stolen, appellant left the

party in his truck to find Collins and retrieve the pack. Appellant searched for six hours before finding Collins in Paulding County the next morning. Appellant proceeded to chase Collins for at least an hour at high speeds, repeatedly attempting to run her off of the road, and flashing his lights at her. Frightened, Collins noticed two police cars along Highway 278 in Paulding County; she intentionally alerted the police, who pulled over both vehicles after observing them speeding and squealing their tires.

The police officers questioned both appellant and Collins. For safety reasons and due to the number of people involved in the incident, the officers placed appellant in the back seat of a patrol car. Appellant told the officers that Collins had stolen his black fanny pack and that he was attempting to retrieve it; he also told the officers that the pack contained his wallet, identification, an electronic scale, and some jewelry. Collins gave permission for the police to search her vehicle; the fanny pack was found under the driver's seat. Inside the pack, the police officer found appellant's wallet, his ATM bank card, other identification, a small electronic scale, a small black drawstring pouch, a lighter, and several small plastic zip-lock bags, some of which contained a white powder later identified as methamphetamine. Upon seeing the contents of the pack, appellant denied that the pack belonged to him, asserting instead that his pack was black leather, unlike the black vinyl pack found by police. However, the officers arrested appellant and transported him to the Paulding County jail. A few hours later, prior to transporting anyone else, police officers searched the back seat of the police car in which appellant had been transported and found a small vial of powdery residue; the residue was tested and determined to be methamphetamine.

Appellant was charged with possession of a controlled substance with intent to distribute (Count 1) and possession (Count 2). He was tried by a jury on December 3, 1996, and was found guilty on both counts. Appellant moved for a new trial, which was denied; he timely appeals his conviction.

1. Appellant asserts that the trial court erred in overruling his motion for directed verdict, which was premised on improper venue, as to Count 1, possession with intent to distribute. He claims that there was no evidence of his possession of the methamphetamine in Paulding County, so that the Paulding County Superior Court lacked jurisdiction over the case. We agree.

"Generally, criminal trials shall be tried in the county where the crime was committed, and venue is a jurisdictional fact that must be proven as part of the general case. Additionally, although venue must be proven beyond a reasonable doubt, if venue is not contested at trial, slight proof of venue will suffice." (Citations and punctuation omitted.) *McGee v. State*, 209 Ga. App. 261, 262 (433 SE2d 374)

(1993); see also OCGA § 17-2-2; *Dennis v. State*, 263 Ga. 257 (430 SE2d 742) (1993); *Green v. State*, 260 Ga. 625 (398 SE2d 360) (1990); *Graves v. State*, 227 Ga. App. 628 (490 SE2d 111) (1997); *Clark v. State*, 213 Ga. App. 313, 315 (444 SE2d 806) (1994).

In the case sub judice, however, appellant specifically moved for a directed verdict on the basis of improper venue. Appellant had no burden of proof as to such issue and, by raising the venue issue in the motion for directed verdict, appellant contested venue, so that the State had the burden to prove venue beyond a reasonable doubt.

As to the substantive issue of whether or not appellant "possessed" the methamphetamines, this Court's review is limited to the sufficiency, not the weight, of the evidence presented at trial. *Hunt v. State*, 222 Ga. App. 66 (473 SE2d 157) (1996). The evidence of possession in Paulding County, even when viewed in the light most favorable to the verdict, is insufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant is guilty of possession with intent to distribute the drugs in Paulding County; therefore, the trial court erred in its denial of a motion for a directed verdict of acquittal as to Count 1, possession with intent. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cody v. State*, 222 Ga. App. 468 (474 SE2d 669) (1996); *Hunt*, supra; *Harvey v. State*, 212 Ga. App. 632 (442 SE2d 478) (1994).

Georgia law " ' "recognizes two kinds of possession, actual possession and constructive possession. . . . A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." [Cit.]' " *Billingsley v. State*, 220 Ga. App. 69 (467 SE2d 377) (1996); *Llaguno v. State*, 197 Ga. App. 789, 790 (399 SE2d 564) (1990); *Allen v. State*, 191 Ga. App. 623, 624 (382 SE2d 690) (1989). However, "[a] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity." *Llaguno*, supra at 790-791.

In the case sub judice, it is clear that appellant lost "dominion and control" over the drugs while in Douglas County and never regained such dominion and control after entering Paulding County. The evidence presented showed that appellant, when stopped by police in Paulding County, was engaged in a high speed, dangerous chase of Collins' vehicle following an extraordinary six-hour effort to retrieve a stolen fanny pack which contained his wallet and other identification, in addition to methamphetamine, plastic packets, and a scale. It is undisputed that the pack was in the possession of Collins.[1] When questioned by police, appellant specifically told police

---

[1] Collins was convicted of possession of the methamphetamine during the same trial.

that he was *attempting* to retrieve the pack and that the pack contained, inter alia, his wallet and an electronic scale. The evidence indicates that appellant lost both actual and constructive possession in Douglas County and never regained possession in Paulding County. While appellant sought to regain actual possession, the continuing flight by Collins and chase by appellant shows a lack of constructive possession. As such, no evidence was presented at trial by the State that raised a jury issue regarding whether or not the appellant was in actual, joint, or constructive possession of the drugs with intent to distribute while in Paulding County. The trial court's denial of appellant's motion for a directed verdict on the basis of venue as to Count 1, possession with intent to distribute, was error.

However, the police officers testified that the police car in which appellant was transported after his arrest was searched prior to such transportation and no drugs were found; and that the vial with methamphetamine residue was found in the same police car following transportation of appellant, and prior to transportation of anyone else. This evidence supports a finding that appellant had the vial in his possession while in the police car and is sufficient to support the jury's guilty verdict on Count 2, possession of the methamphetamine. Thus, there was no error in the trial court's refusal to direct a verdict of acquittal as to Count 2 of the indictment.

2. In his second enumeration of error, appellant asserts that the trial court erred when it admitted into evidence the vial found in the police vehicle. Appellant claims that the vial was the product of an illegal search, as police officers had no probable cause to arrest appellant prior to the search, and that, if the vial had been excluded from trial, appellant was entitled to a directed verdict of acquittal on Count 2 for lack of evidence of possession of methamphetamine.

However, the evidence shows that appellant was stopped while speeding in an erratic, dangerous manner; as such, his investigatory detention was supported by reasonable, articulable suspicion that appellant was breaking the law. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); see also *Allen*, supra at 624. The nexus between the fanny pack, which contained appellant's wallet, ATM card, and scale, as well as contraband, Collins' statement that the fanny pack belonged to appellant, and appellant's statement that he was attempting to retrieve his fanny pack, gave the officers probable cause to believe that a felony had occurred, even if venue was later determined to be improper in Paulding County. Therefore, the resulting search of the police vehicle was incident to a lawful arrest and the vial was admissible as evidence.

Further, the search of the police car did not offend appellant's right to be protected against unlawful search and seizure, as he had no reasonable expectation of privacy in the back seat of a police car.

See generally *United States v. McKinnon*, 985 F2d 525 (11th Cir. 1993); *Carr v. State*, 267 Ga. 701 (482 SE2d 314) (1997); *Burgeson v. State*, 267 Ga. 102 (475 SE2d 580) (1996). Appellant's complaint that the police officers searched a police vehicle is entirely without merit.

Finally, we find that the contraband had been abandoned, so that any constitutional protections against unlawful seizure were lost. *Orman v. State*, 207 Ga. App. 671 (428 SE2d 813) (1993); *Guess v. State*, 197 Ga. App. 40 (397 SE2d 453) (1990); *Williams v. State*, 171 Ga. App. 546, 547 (320 SE2d 389) (1984).

Accordingly, there was no error in the trial court's denial of a directed verdict of acquittal as to Count 2.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JULY 28, 1997.

*Donald R. Donovan*, for appellant.
*James R. Osborne, District Attorney, Grover W. Hudgins, Assistant District Attorney*, for appellee.