151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael MCCLINTON, Defendant-Appellant.
 No. 96-3921.
 United States Court of Appeals, Seventh Circuit.
 Argued June 9, 1998.
Decided June 25, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois, No. 95-CR-40040-JPG. J. Phil Gilbert, Chief Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. RICHARD D. CUDAHY, and Hon. JESSE E. ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 A jury found defendant Michael McClinton guilty of possession with intent to distribute 12 grams of cocaine base, 21 U.S.C. § 841(a)(1), but acquitted him of conspiracy to distribute cocaine. The district court sentenced defendant to 63 months' imprisonment. On appeal, defendant challenges the sufficiency of the evidence sustaining his conviction.
 
 
 2
 During a routine traffic stop, a police officer stopped the car in which Michael McClinton was a passenger and discovered there was an outstanding federal warrant (for the conspiracy charges) on McClinton. The officer handcuffed McClinton's hands behind his back, performed a pat-down search for weapons, and placed McClinton in the back of the squad car. As he drove to the police station, the officer observed McClinton squirming in the back of the squad car; McClinton complained that the handcuffs were too tight. When they arrived at the station and McClinton exited the car, the legs of his boxer shorts (previously not showing) were pulled up above the waistband of his jogging pants. A search under the back seat of the squad car revealed several rocks of crack cocaine, wrapped in a plastic package about the size of a golf ball.
 
 
 3
 The officer testified that two hours prior to arresting McClinton, the officer had lifted the rear seat of the squad car and found nothing. This was a routine he always performed at the beginning of a shift. No one but the officer and McClinton had been in the squad car during the intervening two hours. The officer also testified that during the booking process, defendant remarked to the officer, "How much time do you think I'll get for the amount of dope you found on me--or the amount of dope you supposedly found on me?"
 
 
 4
 Defendant argues that this is a constructive possession case, because the government cannot prove that the contraband was in the immediate possession or control of defendant. See United States v. Kitchen, 57 F.3d 516, 520 (7th Cir.1995) (constructive possession "as an element of the crime can be established despite the fact that the firearm was not in the immediate possession or control of the defendant"); see also United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.1990) (constructive possession exists when a person does not have actual possession but instead "knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others"). Defendant maintains that even if the evidence "presents a possibility that the cocaine base was deposited in the back seat" by him, he still exercised no dominion or control over the cocaine or the squad car. He also posits that either someone else left the cocaine in the squad car, or his friend "forced" him to hold the drugs during the traffic stop, making his possession momentary, at most.
 
 
 5
 This case does not involve constructive possession; instead, it involves actual possession. The jury had to believe either that at the time of his arrest and while in the squad car, McClinton had the drugs actually in his possession (probably in his pants), or that he never possessed the drugs found in the squad car.
 
 
 6
 The jury could infer possession from the police officer's testimony that, as was his practice, a search of the vehicle prior to starting his shift revealed no contraband in the back seat; no one occupied the back seat during the two hours prior to defendant's arrest; defendant squirmed about while sitting in the back seat; defendant's clothes became rearranged and disheveled prior to his exiting the squad car; and soon thereafter, before a non-occupant had access to the squad car, the officer discovered cocaine tucked under the back seat. Added to these facts from which possession could be inferred, were the incriminating comments defendant made to the arresting officer: "How much time do you think I'll get for the amount of dope you found on me--or the amount of dope you supposedly found on me?"
 
 
 7
 On appeal, this court views the evidence in a light most favorable to the prosecution, including any reasonable inferences that can be drawn from the evidence, and credibility determinations made by the trier of fact. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); United States v. Saulter, 60 F.3d 270, 275 (7th Cir.1995). Actual possession may be proved by direct or circumstantial evidence, and "[i]t is not necessary that such evidence remove every reasonable hypothesis except that of guilt." United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.1990) (internal quotations and citations omitted). We conclude that the jury was entitled to believe the testimony of the police officer, which provided sufficient circumstantial evidence to find McClinton guilty beyond a reasonable doubt of possession of the discarded cocaine.
 
 
 8
 In this case, it makes little sense to attempt to force the facts into a constructive possession abstraction by arguing that McClinton, as a handcuffed arrestee, had even temporary "dominion and control" over the squad car merely because the officer did not see McClinton holding the cocaine. Proof of actual possession does not require an eyewitness who observed defendant in possession of the drugs. Circumstantial evidence is sufficient to permit the inference that defendant possessed contraband where he attempted to hide or destroy it just prior to, or immediately after, his arrest. See, e.g., United States v. Jarrett, 133 F.3d 519, 534 (7th Cir.1998) (affirming conviction for possession of heroin where defendant dropped packages of heroin while being chased by police officer); United States v. Gutierrez, 995 F.2d 169, 171-72 (9th Cir.1993) (constructive possession where police saw defendant moving furtively in his car, and found gun concealed where defendant was sitting in car); United States v. Jenkins, 981 F.2d 1281, 1283 (D.C.Cir.1992) (collecting cases finding constructive possession where defendants take evasive action to avoid police and dispose of contraband); United States v. Temple, 890 F.2d 1043, 1045 (8th Cir.1989) (defendant was seen removing an object from his clothing and throwing it; object later determined to be crack cocaine).
 
 
 9
 In fact scenarios similar to the present case, state courts have also consistently found sufficient evidence of actual possession of contraband. See, e.g., Polk v. State, 683 N.E.2d 567, 573 (Ind.1997) (jury could conclude defendant possessed cocaine found under rear seat cushion in police car that transported him to jail; officers made steady practice of checking under back seat prior to each shift; the constructive possession line of authority does not apply "because the evidence showed that Polk either actually possessed the cocaine found in the police car or did not possess it at all") (emphasis added), Boarman v. State, 509 N.E.2d 177, 179-80 (Ind.1987) (cocaine found in back seat of squad car after arrestee exited the car; officers had searched back seat prior to beginning their shift; court refuses to "reweigh the evidence and judge the credibility of the witnesses"; sufficient evidence to "support the jury's finding that [defendant] was in actual possession of the cocaine at the time he was arrested") (emphasis added); Mullinax v. State, 227 Ga.App. 670, 490 S.E.2d 201, 204 (Ga.Ct.App.1997) (drugs found hidden in back seat of squad car was sufficient evidence that defendant had vial in his possession while transported to jail in the police car); Williams v. State, 906 S.W.2d 58, 64-65 (Tx.Ct.App.1995) (sufficient evidence of possession of cocaine found in back police car that transported defendant following his arrest; officer observed en route that defendant was repeatedly rubbing his leg, and bag of cocaine was found on floorboard where defendant's feet had been); State v. Gutierrez, 95 Ohio App.3d 414, 642 N.E.2d 674, 675 (Ohio Ct.App.1994) (sufficient evidence of possession where drug paraphernalia found in back seat of police car after transporting defendants to jail; officers noticed defendant fidgeting in back seat en route; standard procedure to search car each time it is used to transport a person); Rowland v. Commonwealth, 1994 WL 374274 at * 2 (Va.Ct.App. July 19, 1994) (sufficient evidence of possession where bags of cocaine found in back seat of squad car after transporting defendant to jail; officer conducted routine search of vehicle after each person left car during shift; no evidence of any other reasonable hypothesis); Williams v. State, 784 S.W.2d 428, 429-30 (Tex.Ct.Crim.App.1990) (en banc ) (crack cocaine found in back of squad car after defendant, passenger in back seat, was seen fidgeting and rubbing his pocket; possibility that someone else put drugs in squad car would not be a rational, reasonable possibility).
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.