## A03A2187. ROSE v. THE STATE.
(587 SE2d 326)

ELDRIDGE, Judge.

Edgar Michael Rose, defendant, appeals his conviction for trafficking in marijuana and for attempted trafficking in marijuana on two grounds: (1) ineffective assistance of counsel; and (2) insufficiency of the evidence. Finding no error, we affirm.

On December 3, 2002, a DeKalb Superior Court jury convicted Rose of one count of trafficking and one count of attempted trafficking in marijuana. The defendant was sentenced to fifteen years, to serve ten years in confinement. On February 23, 2003, defendant moved for new trial, which was amended, based upon ineffective assistance of counsel; on April 15, 2003, the motion was denied.

Viewing the evidence most favorably to support the verdict,[1] the evidence showed that on October 26, 2002, Rose flew to Houston, Texas, and purchased a 1985 BMW. Then, he contracted with LT Transport (LTT) to ship the vehicle from Houston to Atlanta. On October 28, 2002, LTT's transporter, driven by Charles Willoughby, was carrying the BMW and was stopped near LaGrange, Georgia, on I-85 for a tag violation, because it was improperly displayed. Georgia Highway Patrol Officer James R. Traylor determined that the tag and Willoughby's license were valid and then inspected the bill of lading for the cars. The bill of lading listed the car tag numbers, the signature of the shipper releasing the vehicle to LTT for shipment, and the name of the person to whom the vehicle was being shipped.

Upon checking the bill of lading, the trooper became suspicious because the BMW had been registered to a named individual, other than Rose, who not only released the vehicle to LTT but also was to receive the vehicle in Atlanta. With an aroused suspicion, the trooper checked the year and mileage of the BMW, revealing that the cost to transport was more than the car was worth. The trooper requested and received from Willoughby consent to search each vehicle on the car transporter. Willoughby gave the trooper all of the vehicle keys. The keys opened all the vehicle compartments of each vehicle except for the trunk of the BMW. The trunk release in the BMW's glove compartment was missing, having only loose wires. The trooper asked Willoughby to follow him to the next truck stop where the BMW

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

could be offloaded for further inspection. A narcotics trained canine was sent for to search the BMW. The canine alerted on the trunk of the BMW, which indicated the presence of narcotics. With Willoughby's consent, the trooper forced open the trunk with a screwdriver and found over 50 pounds of green leafy substance, believed to be and later determined to be marijuana.

1. Rose asserts that he received ineffective assistance of counsel because his trial counsel failed to (1) properly move for the suppression of the illegal, warrantless search of the vehicle, and (2) properly object to the admission of the illegally seized evidence, the fruits of the warrantless search. We agree with the finding of the trial court that Rose received effective assistance of counsel.

(a) In order to establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient, and (2) that such deficiency prejudiced the defense.[2] The trial court determined that counsel had been effective. Unless the trial court's finding was clearly erroneous, this court will not disturb such finding.[3] Trial counsel testified at the motion for new trial where the ineffective assistance claim was raised that he had not made a motion to suppress or object to the admission of the evidence, because he did not believe that Rose had standing to contest the consensual search. We agree that Rose lacked standing.

For Rose to successfully move for the suppression of evidence obtained in a warrantless search, he had to have standing. "Where the owner of an automobile relinquishes actual possession to a third party, the owner thereby abandons any expectation of privacy in the automobile, and he [thereafter] lacks standing to contest the legality of the search and seizure of the vehicle."[4] In this case, Rose signed a contract with LTT, a third party, which relinquished possession and control of the vehicle to be transported from Houston to Atlanta. By such relinquishment of possession and control of the vehicle by the owner, Rose abandoned "any expectation of privacy in the automobile," which caused a "[lack of] standing to contest the legality of the search and seizure" of the BMW.[5]

(b) The "[t]rial counsel's failure to pursue a futile motion does not constitute ineffective assistance."[6] Therefore, since Rose lacked

---

[2] *Horne v. State*, 260 Ga. App. 640, 641 (2) (580 SE2d 644) (2003); see also *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

[3] *Horne v. State*, supra at 641; see also *Kilpatrick v. State*, 252 Ga. App. 900, 902 (557 SE2d 460) (2001).

[4] (Punctuation, footnote and emphasis omitted.) *Espinoza v. State*, 244 Ga. App. 96, 98 (4) (534 SE2d 824) (2000); see also *Gresham v. State*, 204 Ga. App. 540, 541 (1) (420 SE2d 71) (1992); *Protho v. State*, 186 Ga. App. 836, 838 (3) (368 SE2d 793) (1988).

[5] (Punctuation and emphasis omitted.) *Espinoza v. State*, supra.

[6] (Punctuation omitted.) *Nickerson v. State*, 248 Ga. App. 829, 832 (2) (c) (545 SE2d 587) (2001); accord *Mackey v. State*, 235 Ga. App. 209-210 (509 SE2d 68) (1998).

standing to contest the consensual search of his vehicle given by the person with actual control of it, then any motion to suppress lacked merit. Thus, there was no deficiency in representation.

2. Rose contends that the circumstantial evidence was insufficient to support his conviction, because there was no direct evidence that he placed the contraband in the vehicle. For conviction of trafficking in marijuana or criminal attempt to traffic in marijuana, the state must prove that the accused "knowingly sells, manufactures, grows, delivers, brings into this state, or has possession of a quantity of marijuana exceeding 50 pounds." OCGA § 16-13-31 (c) (1). Thus, Rose could be convicted as charged without direct evidence that he placed the contraband into the vehicle, because the requirement is that the evidence prove beyond a reasonable doubt that he knowingly brought the marijuana into the state no matter how it got into the vehicle.

Rose argued that there was equal access to the vehicle in Willoughby and that another reasonable hypothesis was that Willoughby put it into Rose's trunk. The evidence showed that Rose did not give Willoughby a key to the trunk and that the only access to the trunk was by forcing the lock. While Willoughby had a key to all doors and the glove box, he could not unlock the trunk. Thus, Willoughby had no equal access to the trunk. The circumstantial evidence relied upon to prove guilt excluded every other reasonable hypothesis except guilt. "[I]n the absence of any circumstances to the contrary, a presumption arises from proof of ownership and control of . . . an automobile . . . that the owner is in control and possession of contraband found therein."[7]

On appeal, the appellant no longer has the presumption of innocence.[8] Construing the evidence most strongly to uphold the verdict, the evidence was sufficient for a rational trier of fact to find that Rose knowingly brought the marijuana into the state in the BMW carried on a transporter beyond a reasonable doubt.[9]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 17, 2003.

*Mark R. Gaffney*, for appellant.

---

[7] *Battle v. State*, 244 Ga. App. 599, 601 (536 SE2d 273) (2000); accord *Henderson v. State*, 191 Ga. App. 275 (381 SE2d 423) (1989).

[8] *Jackson v. Virginia*, supra.

[9] Id.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.