## A10A1944. JOHNSON v. THE STATE.
(700 SE2d 612)

BLACKBURN, Senior Appellate Judge.

Alphonso Johnson appeals the trial court's denial of his motion to suppress, arguing that the search of Johnson's vehicle was unreasonable under *Arizona v. Gant*.[1] However, because Johnson abandoned his car, he failed to show he had standing to assert such a claim. Accordingly, we affirm.

---

[2] *Roscoe v. State*, 286 Ga. 325, 327 (687 SE2d 455) (2009).
[1] *Arizona v. Gant*, __ U. S. __ (129 SC 1710, 173 LE2d 485) (2009).

We employ the standard of review set forth in *Vansant v. State*:[2]

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) Because the relevant facts here are undisputed, we review the trial court's ruling de novo. See *McClary v. State*.[3]

Those facts show that on April 17, 2009, an officer pulled Johnson over for failing to wear a seat belt. Johnson pulled his car into another person's residential driveway and walked away from his car, leaving the driver's door open. The officer pulled up behind Johnson and directed him to return to his car and to sit down; Johnson did so, sitting on the driver's seat with the door open and with his legs resting outside the car. Determining from the land-owner washing a car in the subject driveway that Johnson had no connection to the residence, the officer observed Johnson becoming tense and nervous with accelerated breathing, which indicated to the officer that Johnson was about to flee or fight the officer. The officer decided to handcuff Johnson, but when the officer attempted to do so, Johnson resisted, knocking the handcuffs away and fighting the officer. Johnson then fled with the officer in hot pursuit. While running, the officer notified other police units of his location and situation, including that he was chasing Johnson.

Pursuant to that notification, a second officer soon arrived, who had been informed by the dispatcher of the description and tag number of Johnson's vehicle. Finding Johnson's car in the driveway with the police vehicle behind it, the second officer observed that the driver's side door of Johnson's car was open and that a pair of handcuffs lay on the ground near that door. Neither the first officer nor Johnson was at the scene. After determining from the car-washing landowner in the driveway that he did not own Johnson's car nor did he know whose vehicle it was, the second officer searched Johnson's vehicle, finding a gun under a seat cover on the passenger side and a machete. At some point, Johnson was caught by the first officer.

Johnson was indicted on several counts, including failure to

---

[2] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[3] *McClary v. State*, 292 Ga. App. 184, 185 (663 SE2d 809) (2008).

wear a safety belt,[4] obstruction of an officer,[5] possession of a firearm by a convicted felon,[6] possession of a weapon whose serial number had been removed,[7] and other crimes. Johnson immediately moved to suppress the evidence seized during the search of the car, arguing that the warrantless search violated his Fourth Amendment rights. Following a hearing, the trial court who was familiar with *Arizona v. Gant*, supra, denied the motion as inapplicable to the facts of this case, but granted a certificate of immediate review and suggested that Johnson appear in the matter. We granted Johnson's motion to appeal the ruling by interlocutory process.

As the trial court pointed out, the warrantless arrest in *Arizona v. Gant*, supra, was suppressed because at the time of the search, Gant was under arrest and in the police car so there was no danger to the police officer or reason not to get a warrant. Here, Johnson illegally abandoned his vehicle on private property with the door open, fought with the police officer, and escaped from the scene. The search was then conducted by a second officer arriving at the deserted scene.

Johnson's contention that the search was invalid as a warrantless search incident to an arrest under *Arizona v. Gant*, supra, is misplaced as Johnson had no standing to assert such a claim.[8] We have often relied on a lack of standing to uphold a trial court's decision to deny a motion to suppress. See *English v. State*[9] ("[a]lthough the trial court gave other reasons for denying the motion to suppress, a judgment right for any reason will be affirmed"); *Prather v. State*[10] ("[a] judgment that is right for any reason will be affirmed"; because defendant had abandoned his vehicle, he had no Fourth Amendment right to assert regarding a search of that vehicle) (punctuation omitted); *Gresham v. State*[11] ("appellant lacks standing to contest the legality of the search and seizure of his automobile; we will not reverse the correct ruling of the trial court").

As stated in *Rose v. State*,[12] "[f]or [Johnson] to successfully move for the suppression of evidence obtained in a warrantless search, he had to have standing." Indeed, "[t]he burden is on the defendant to show that he has standing to contest the alleged violation, i.e., that

---

[4] OCGA § 40-8-76.1 (b).

[5] OCGA § 16-10-24 (b).

[6] OCGA § 16-11-131 (b).

[7] OCGA § 16-9-70 (a).

[8] This case is factually distinguishable from *Gant* in any event.

[9] *English v. State*, 288 Ga. App. 436, 442 (3) (654 SE2d 150) (2007).

[10] *Prather v. State*, 279 Ga. App. 873, 876 (1) (633 SE2d 46) (2006).

[11] *Gresham v. State*, 204 Ga. App. 540, 541 (1) (420 SE2d 71) (1992).

[12] *Rose v. State*, 263 Ga. App. 263, 264 (1) (a) (587 SE2d 326) (2003).

he has a legitimate expectation of privacy." (Punctuation omitted.) *Dade v. State*.[13] Here, the undisputed evidence showed that Johnson abandoned his vehicle when he fled the vehicle to escape police, leaving the vehicle parked in a stranger's driveway with the door open. Before searching the open vehicle, the second officer even confirmed with the landowner that Johnson's vehicle was not parked there with the owner's permission.

Under such circumstances, the cases are legion that Johnson had abandoned his vehicle, thereby forfeiting any right to challenge a search of the vehicle. As stated in *Driggers v. State*,[14] "[a] defendant who abandons seized property lacks standing to challenge the validity of the search and seizure." See *Skaggs-Ferrell v. State*[15] ("[t]he constitutional protection of the Fourth Amendment does not apply to property which has been abandoned") (punctuation omitted); *Prather*, supra, 279 Ga. App. at 876 (1) ("[t]he constitutional protection of the Fourth Amendment does not apply to property which has been abandoned"). See generally *Teal v. State*.[16] Accordingly, where the evidence shows that the vehicle in question was abandoned, we have held that any search of that vehicle is justified, as the defendant lacks standing to challenge same. See *Skaggs-Ferrell*, supra, 287 Ga. App. at 874 (1); *Elliott v. State*;[17] *Gresham*, supra, 204 Ga. App. at 540-541 (1); *Walker v. State*.[18]

That the vehicle was abandoned cannot be questioned under prevailing precedent. Leaving a vehicle door open and then fleeing police, while that vehicle is illegally parked, demonstrates an intent to abandon the vehicle. See *Prather*, supra, 279 Ga. App. at 876 (1); *Elliott*, supra, 230 Ga. App. at 856-857 (1); *Walker*, supra, 228 Ga. App. at 510 (1); *Whitlock v. State*.[19] Specifically, we have noted that parking one's vehicle in a stranger's driveway and fleeing police indicates an intent to abandon the vehicle. See *Powell v. State*.[20] Compare *State v. Nesbitt*[21] (vehicle parked in parking space of apartment complex where the lawful user of vehicle lived was not abandoned).

Accordingly, the trial court did not err in denying the motion to suppress, as the evidence undisputedly showed that Johnson had abandoned the vehicle.

---

[13] *Dade v. State*, 292 Ga. App. 897, 903 (666 SE2d 1) (2008).

[14] *Driggers v. State*, 295 Ga. App. 711, 714 (2) (673 SE2d 95) (2009).

[15] *Skaggs-Ferrell v. State*, 287 Ga. App. 872, 874 (1) (652 SE2d 891) (2007).

[16] *Teal v. State*, 282 Ga. App. 319, 328-329 (6) (647 SE2d 15) (2007).

[17] *Elliott v. State*, 230 Ga. App. 855, 856-857 (1) (497 SE2d 817) (1998).

[18] *Walker v. State*, 228 Ga. App. 509, 510 (1) (493 SE2d 193) (1997).

[19] *Whitlock v. State*, 124 Ga. App. 599, 602 (3) (b) (185 SE2d 90) (1971), rev'd in part on other grounds, 230 Ga. 700 (198 SE2d 865) (1973).

[20] *Powell v. State*, 270 Ga. App. 707, 708 (607 SE2d 909) (2004).

[21] *State v. Nesbitt*, 305 Ga. App. 28, 31 (1) (699 SE2d 368) (2010).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED AUGUST 19, 2010.

*Valerie T. Bryant*, for appellant.
*J. David Miller, District Attorney, Jessica W. Clark, Assistant District Attorney*, for appellee.